JOHN F. FITZGERALD vs. THE SCOVIL MANUFACTURING COMPANY.

Third Judicial District, Bridgeport, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The precise time alleged in a complaint as that of the happening of an event, while it may be originally immaterial, may become material on the filing of an answer which relies upon it as the true date.

Statutes of limitation affecting existing rights and shortening the time previously allowed for bringing actions, are not unconstitutional, provided in each case a reasonable time, taking all the circumstances into consideration, is given for the commencement of a suit before the bar takes effect.

General Statutes, § 1119, provides that no action "against a municipal or other corporation," to recover damages for an injury to the person shall be brought but within one year from the date of such injury. *Held:*—

1. That inasmuch as this provision gave the plaintiff in the present case more than six months after it went into effect in which to sue, it could not be pronounced unreasonable as matter of law.

2. That in view of its plain language the statute could not be restricted in its application merely to municipal, railroad, and street-railway corporations, or to municipal and other corporations of a public or *quasi* public character.

It is unnecessary for this court to consider grounds of demurrer which are not presented in argument before it.

Argued October 27th, 1904—decided March 9th, 1905.

ACTION against a corporation for an injury to the person caused by its negligence, brought to the Superior Court in New Haven County and tried upon demurrer to an answer alleging that suit was not brought within one year from the date of the injury; judgment for defendant (*Shumway, J.*) and appeal by plaintiff. *No error.*

*John O'Neill* and *William Kennedy*, for the appellant (plaintiff).

*Lucien F. Burpee*, for the appellee (defendant).

BALDWIN, J.   This action was brought on September 17th, 1903, and the complaint counts on an injury which is alleged to have occurred on January 11th, 1902.

On July 1st, 1902, the Revision of 1902 of the General Statutes went into effect.   It provides (§1119) that " no action against a municipal or other corporation, to recover damages for injury to the person, . . . shall be brought but within one year from the date of such injury."   The law previously existing had given six years for suit on such a cause of action as the complaint alleged, unless it were one against a " municipal corporation, railway or street-railway corporation," in which case only one year was allowed. Public Acts of 1897, p. 883, Chap. 189.

The date of the injury alleged in the complaint was, when pleaded, immaterial, but became material on the filing of the answer.   Gould on Pleading (ed. 1877), Chap. 3, §70. It should, therefore, on the record presented on appeal, be treated as the true date.

General Statutes, §1119, was prospective in so far as it applied only to future actions.   It was retrospective in so far as it might apply to existing rights of action.   As to these, it was not unconstitutional provided in each case a reasonable time, taking all the circumstances into consideration, were given for the commencement of suit before the bar took effect.   *Terry* v. *Anderson*, 95 U. S. 628; *Wheeler* v. *Jackson*, 137 id. 245, 255.   In the case now before us, the plaintiff could have brought his action at any time before January 12th, 1903.   This gave him more than six months for that purpose.   It cannot be pronounced, as matter of law, unreasonable to require him to elect within that period whether to sue or not, particularly when the limitation in question, while not going into force until July 1st, 1902, had been adopted June 11th, 1901.   General Statutes, p. 1183.

It is contended that the Revision made no alteration in the former law, but was merely designed to condense the form of expression, and so applies only to municipal, railway, or street-railway corporations, or to municipal and other corporations of a public or *quasi* public character.

Its language is too plain to admit of such a construction. The change effected was one of substance, and it must be presumed that the General Assembly had it in view, both when the Revision was adopted in 1901, and when it was confirmed in 1903. General Statutes, p. 1183; Public Acts of 1903, p. 116, Chap. 153. That it was a change not inconsistent with the legislative intent is evidenced by the amendment to §1119, enacted in 1903, by which it was made applicable to all actions for injuries to the person. Public Acts of 1903, p. 114, Chap. 149.

It was made one of the grounds of demurrer that §1119 was unconstitutional, because it was legislation favoring a particular class of persons, but as this point was not presented in argument before us it is unnecessary to consider it.

There is no error.

In this opinion the other judges concurred.