FRANCIS F. BULKLEY ET UX. *vs.* THE NORWICH AND WES-
TERLY RAILWAY COMPANY.

First Judicial District, Hartford, October Term, 1908.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The statute of limitations cannot be invoked by demurrer to a com-
plaint for personal injuries, since the alleged date of the injury
is immaterial and the plaintiff is not thereby precluded from
proving that it occurred at such a later day as would render
the demurrer pointless.

An officer's return constitutes no part of the plaintiff's statement
of his cause of action, and therefore its recitals cannot be utilized
by a defendant as a basis for a demurrer to the complaint.

General Statutes, § 1130, provides that no action for personal injury,
which is not commenced within four months after the injury
was received, shall be brought against any railroad company
unless a written notice of the injury shall have been given within
said period of four months. *Held* that the limitation thus pre-
scribed was in the nature of a condition subsequent, by virtue
of which an existing right was cut off upon failure to give the
required notice, rather than a condition precedent to the exist-
ence of a right of action, as provided in § 2020 relating to suits
against municipal corporations for injuries from defective high-
ways; and therefore a noncompliance with the condition was
a matter of defense which might properly be left to the defend-
ant to plead.

Argued October 6th—decided October 27th, 1908.

ACTION to recover damages for personal injuries alleged
to have been caused by the defendant's negligence, brought
to the Superior Court in Middlesex County where a de-
murrer to the complaint was overruled (*Ralph Wheeler, J.*)
and the cause was afterward tried to the jury before
*Gager, J.;* verdict and judgment for the plaintiffs for $750
damages, from which the defendant appealed for alleged
error in overruling its demurrer. *No error.*

The complaint, dated November 21st, 1907, alleges in
substance that the plaintiff wife, on August 1st, 1907,

while a passenger in the exercise of due care, on a car of the defendant common carrier, received bodily injuries as the result of a collision between such car and another car of the defendant going in the opposite direction upon the same track, which collision and injuries were caused by the negligence of the defendant, its servants and agents. There was no allegation of the giving of a written notice to the defendant. The officer's return of his service of the writ and complaint stated that it was made on December 2d, 1907.

The defendant demurred to the complaint because "it appears and is alleged in said complaint that the injury to the plaintiffs constituting said cause of action occurred on August 1, 1907, and this action was not commenced within the period of four months from said August 1, 1907, as appears from the officer's return therein, and it is not alleged and does not appear in said complaint that written notice containing a general description of the injury and of the time, place and cause of its occurrence, as nearly as the same can be ascertained, was given to the defendant within four months after said August 1, 1907, the date of the neglect complained of in said action."

The demurrer was overruled, and this action of the court is assigned as the sole reason of appeal.

*Donald G. Perkins*, for the appellant (defendant).

*Richard H. Tyner*, for the appellees (plaintiffs).

PRENTICE, J.   This demurrer involves two false assumptions, to wit: first, that the plaintiffs' allegations of time precluded them from proving that Mrs. Bulkley received her alleged injuries on some day later than that alleged; and second, that the statements of the officer in his return of service were to be accepted as facts coming within the purview of the demurrer to the complaint.

The plaintiffs' averment of the time when the events which furnished the basis of their cause of action occurred, was an immaterial one, and upon a trial proof that they occurred upon some subsequent day, which would render the demurrer pointless, would have been admissible. *Fitzgerald* v. *Scovil Mfg. Co.*, 77 Conn. 528, 529, 60 Atl. 132; *Sage* v. *Hawley*, 16 Conn. 106, 111; Gould on Pleading (4th Ed.), Chap. III, §§ 63, 64. An allegation of time originally immaterial may become material by reason of subsequent pleading. *Fitzgerald* v. *Scovil Mfg. Co.*, 77 Conn. 528, 529, 60 Atl. 132. Such a result, however, does not follow from demurring. The complaint stated a good cause of action, since under its averments such a cause of action could be proved without creating a variance.

The demurrer was to the complaint. We have held that a complaint may, for the purposes of a demurrer, be read in connection with the writ which it accompanies. *Radezky* v. *Sargent & Co.*, 77 Conn. 110, 112, 58 Atl. 709. It is a very different thing, however, to say that the statements in the return of the officer serving the writ and complaint may be treated as facts supplementing those set up in the complaint, and so forming a part of the complaint that they may be utilized by the defendant in a demurrer to the plaintiff's statement of his cause of action. We can imagine no justification for such a proposition. The facts attending the officer's action, although reported to the court in a return on file as a part of the record of the cause and importing verity, are facts *aliunde* the pleadings, and must be pleaded by whichever party would avail himself of them, thus permitting an issue of fact to be joined thereon. The language of the demurrer indicates that the defendant appreciated that it was going outside of the complaint for a necessary fact and pleading it as a fact. The demurrer carefully refrains from stating that it appears from the complaint that the action was not begun within the four-month period. On the contrary,

it asserts the proposition that such was the fact, thus making it in form, as it was in fact, a speaking demurrer. If the defendant desired to avail itself of the date of service, it was its duty to set it up in a defense in bar of the action.

Section 1130 of the General Statutes, with which we are here concerned, is quite different in its character from § 2020 relating to actions against municipal corporations by reason of defective highways. The latter section gives a right of action where there would otherwise be none, and makes the giving of a prescribed notice a condition precedent to the existence of such a right under any and all circumstances. *Crocker* v. *Hartford*, 66 Conn. 387, 390, 34 Atl. 98; *Forbes* v. *Suffield*, 81 Conn. 274, 70 Atl. 1023. On the other hand, an action may be maintained against this defendant upon the facts set up in this complaint. A written notice is not a prerequisite. Section 1130 simply places a limitation, analogous to the general statute of limitations, upon the right of an injured party to prosecute such an action without further proceedings. This limitation is to be regarded as creating a condition subsequent, by which an existing right is cut off by the nonperformance of the condition, rather than a condition precedent to a continuing right. Such being its essential character, a defense predicated upon it, as upon conditions subsequent and limitations generally, need not be anticipated and negatived by the plaintiff, but may properly be left to be pleaded by the defendant. Gould on Pleading (4th Ed.), Chap. IV, § 17.

The court in its memorandum assigned another reason for its action in overruling the demurrer. We have no need to pass upon the sufficiency of this reason.

There is no error.

In this opinion the other judges concurred.