, WILLIAM G. FORBES *vs*. THE TOWN OF SUFFIELD.

First Judicial District, Hartford, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Under General Statutes, § 2020, no action can be maintained against
a municipality for injury caused by a defective highway, until
the notice required by such section has been given; and inasmuch
as the giving of the notice is a condition precedent to a right of
action, it must be alleged, otherwise the complaint will be held
insufficient on demurrer..

Submitted on briefs October 6th—decided October 27th, 1908.

ACTION to recover damages for personal injuries resulting from a defective highway, brought to the Superior Court in Hartford County where a demurrer to the complaint was sustained, *Curtis, J.*, and judgment rendered for the defendant, from which the plaintiff appealed. *No error*.

The complaint contains no allegation upon the subject of written notice by the plaintiff to the defendant of the plaintiff's injuries. The demurrer asserts the insufficiency of the complaint, for the reason that it does not appear therein that prior to the institution of the action such notice of said injuries and a general description of the same, and the cause thereof, and the time and place of their occurrence, was given within the time and in the manner required by law; and the court so ruled. The

injury is alleged to have been received on September 15th, 1907, and the officer's return states that the service of the writ and complaint was made upon the first selectman of the defendant on November 14th, 1907. The complaint describes the injury the plaintiff claims to have received, its alleged cause, and the time and place of its occurrence. The alleged defect did not consist of snow or ice, or both. The plaintiff claimed that the service of the complaint within sixty days after the injuries were received, it being made upon a selectman and conveying all the information specified for the statutory notice, satisfied the requirement of the statute in the matter of such notice, and was a full equivalent for that requirement.

*Benedict M. Holden,* for the appellant (plaintiff).

*Hugh M. Alcorn,* for the appellee (defendant).

PRENTICE, J. The right to maintain an action against a municipality for the recovery of damages for personal injuries resulting from defective highways, exists only by force of § 2020 of the General Statutes, which defines and limits the right and prescribes the conditions under which it may exist. One of these conditions is the giving to the municipality, within a prescribed time, of a written notice containing certain prescribed information. The giving of this notice is expressly made a condition precedent to any right of action. Until it is given no such right exists. The statute recognizes no equivalents, and it is not competent for the courts to extend the right given beyond the limits fixed by the General Assembly, or to create a right not contemplated by the legislature and contrary to its peremptory mandate. These principles, cogently expressed in *Crocker* v. *Hartford,* 66 Conn. 387, 390, 34 Atl. 98, have been recognized as the law of this State too long and repeatedly to permit of question now.

*Hoyle* v. *Putnam*, 46 Conn. 56, 61; *Fields* v. *Hartford &
W. H. R. Co.*, 54 id. 9, 4 Atl. 105; *Gardner* v. *New London*,
63 Conn. 267, 28 Atl. 42; *Breen* v. *Cornwall*, 73 Conn. 309,
312, 47 Atl. 322.

As the giving of the required notice was a condition
precedent to a right of action, the plaintiff was under the
necessity of alleging performance, and his complaint,
without such allegation, was open to a demurrer as being
insufficient. Gould on Pleading (4th Ed.), Chap. IV, § 13.
See *Bulkley* v. *Norwich & W. Ry. Co.*, 81 Conn. 284, 70
Atl. 1021.

There is no error.

In this opinion the other judges concurred.