HARRIET G. SOMERS *vs.* WILLIAM F. SOMERS.

Third Judicial District, Bridgeport, April Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, JS.

It is essential that a right of action should accrue and exist before a suit can be brought to enforce it; and therefore an action in the nature of ejectment cannot be maintained against one who, at its commencement, is not a disseizor, but is in possession under an unrevoked license from the plaintiff. Nor, under such circumstances, can the mere bringing of the action be deemed, either in reason or authority, a sufficient revocation of the license to justify the maintenance of the action.

Submitted on briefs April 13th—decided May 4th, 1910.

ACTION in the nature of ejectment, brought to and

tried by the Superior Court in New Haven County, *Burpee, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

The parties were married in 1881. At and prior to that time the defendant owned the premises described in the complaint, which comprised two contiguous pieces. Each had a house upon it. That upon the larger piece he had built, and after the marriage it became the residence of the couple, who lived together therein until November, 1896. In 1884 the defendant caused this piece to be conveyed to the plaintiff, without reservation expressed in the deed. The conveyance was without valuable consideration. It was made and accepted for the sole purpose of providing a family home in which he and his wife and children might reside, and it was orally agreed between the parties that the defendant should have a home on the premises as long as he lived. Three children were there born and grew up. In November, 1906, the children having then left home, the plaintiff voluntarily went to reside elsewhere. When she left she consented that the defendant should remain in the house and occupy a part of it as his home. He has since done so, making use of one or two rooms for that purpose. He has not used or made any claim to a right to use any other portions of the premises. These portions the defendant has not been in possession of, but the plaintiff has at all times had control of them, has visited them as she wished, and has placed them in the hands of agents to care for and to rent. This use and occupation by the defendant has thus continued without objection on the part of the plaintiff, and without any demand, notice to vacate, or withdrawal of the consent given to him as aforesaid.

In December, 1895, the defendant conveyed to the plaintiff, by warranty deed, the smaller of said pieces. Since that date the plaintiff has had possession of those

premises, and the defendant has never interfered with her full enjoyment thereof. The parties were divorced in June, 1908.

*Edward F. Hallen,* for the appellant (plaintiff).

*Robert C. Stoddard,* for the appellee (defendant).

PRENTICE, J. The court has found that the defendant, at the time of the institution of this action, was in the occupation of such portion of the premises described in the complaint as he did occupy, under the unrevoked license and with the consent of the plaintiff. The subordinate facts found support this conclusion, as does the evidence which is before us for a correction of the finding. The plaintiff's own story furnished ample justification for it. She told the court that she and her husband had, from the time of their marriage, resided together upon the premises, which had once been his, and had later during their married life been conveyed to her; that she departed, leaving him there, without a word, and that no word has since, or ever, been spoken by her, or on her behalf, objecting to his occupation of the premises or his continuance therein, or requesting him to depart therefrom, or informing him that he was not as welcome to remain there as he had been during their life together. The defendant's testimony contributed another feature, which the court found as a fact, to wit, that it was agreed when the title was given to the wife that his home might be there for his life. Although this agreement was an unenforceable one at law, it was not without effect as characterizing his occupancy thereafter as one by consent and license.

We have, therefore, a situation where a licensor is attempting to dispossess her licensee, whose license had not been revoked, as a disseizor. This she may not do,

as the latter's possession under such conditions was not adverse to her. "Where a person enters into possession by license and consent of the owner, or holds it by his consent, recognizing his right, . . . such possession is not adversary, but, in construction of law, is the possession of the owner." *Hartford* v. *Hartford,* 49 Conn. 554, 561. There is no right of action in ejectment unless the defendant is a disseizor when the action is brought. *Potter* v. *New Haven,* 35 Conn. 520, 522. If it be said that the bringing of the action was of itself a sufficient revocation of the license to enable the action to be maintained as against a disseizor, the contention has no foundation in either reason or authority. *Chalker* v. *Chalker,* 1 Conn. 79, 91. We have held that a mortgagee may ordinarily maintain an action to recover possession of the mortgaged premises from the mortgagor who has remained in possession. This ruling was justified, however, only upon the theory that there was a peculiar relation between such parties involving an implied agreement, in the absence of an express one to the contrary, that the mortgagor might be treated as a disseizor without notice. *Rockwell* v. *Bradley,* 2 Conn. 1, 5. More apt analogies are to be found in those decisions which hold that actions in trover and replevin cannot be maintained against one whose possession was originally rightful, unless that possession is converted into a wrongful one before the institution of the suit. *Lynch* v. *Beecher,* 38 Conn. 490, 493; *Thompson* v. *Rose,* 16 id. 71, 83; *Parker* v. *Middlebrook,* 24 id. 207, 209; *Trowbridge* v. *Bosworth,* 45 id. 166, 168. See also *Forbes* v. *Suffield,* 81 Conn. 274, 70 Atl. 1023. No right of action had accrued to the plaintiff when her action was brought.

There is no error.

In this opinion the other judges concurred.