SPINELLO v. NEW YORK, N. H. & H. R. CO.

(Circuit Court of Appeals, Second Circuit. December 12, 1910.)

No. 47.

1. COURTS (§ 366*)—FEDERAL COURTS — FOLLOWING STATE DECISIONS—CONSTRUCTION OF STATUTE.

A decision of the highest court of a state interpreting a statute of that state is conclusive on the federal courts as to the meaning of such statute.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 957; Dec. Dig. § 366.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. DEATH (§§ 19, 57, 75*) — ACTIONS FOR WRONGFUL DEATH — STATUTORY DEFENSES—NOTICE OF CLAIM.

Gen. St. Conn. 1902, § 1130. which provides that no action shall be maintained against any railroad company to recover damages for the injury or death of a person caused by negligence, unless a written notice stating the time, place, and general facts of the injury shall have been served on the defendant within four months after it was received or unless the action is commenced within that time, as construed by the Supreme Court of the state, imposes a condition subsequent, and not a condition precedent, to the right of action, and the plaintiff is not required to plead or prove the giving of the notice, but the failure to give it is a defense to be pleaded and proved by the defendant, and where the defendant admittedly had actual notice. and investigated the occurrence, and the defense is therefore purely technical, the proof to sustain it must be clear and explicit.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 13; Dec. Dig. §§ 19, 57, 75.*]

In Error to the Circuit Court of the United States for the Eastern District of New York.

Action at law by Raffaelo Spinello, administratrix, against the New York, New Haven & Hartford Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed.

This action was commenced in the Supreme Court of the State of New York, January 11, 1907, to recover damages of the defendant for negligently causing the death of plaintiff's husband, at New Haven, Connecticut, February 2, 1906. The defendant removed the action to the United States Circuit Court for the Eastern District of New York where it was tried; the trial resulting in a verdict for the defendant, directed by the court upon the sole, ground that there was no proof that the plaintiff had complied with the law of Connecticut requiring notice to be given to the defendant. The statute as pleaded in the defendant's answer is as follows:

"No action to recover damages for an injury to, or for the ·death of, any person, or for an injury to personal property, caused by negligence, shall be maintained against any electric, cable, or street railway company, or against any steam railroad company, unless written notice containing a general description of the injury, and of the time, place, and cause of its occurrence,. as nearly as the same can be ascertained, shall have been given to the defendant within four months after the neglect complained of, unless the action itself is commenced within said period of four months. Such notice may be given to the secretary, or to any agent or executive officer of the company in fault." Gen. St. 1902, § 1130.

The answer pleaded the nonreceipt of such notice as a defense.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Jonathan Deyo, for plaintiff in error.
Frederick J. Moses, for defendant in error.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge (after stating the facts as above). The Supreme Court of Connecticut has construed the statute regarding the written notice required to be given to the defendant within four months after the neglect of which the plaintiff complains, in Bulkley v. Norwich Railway Co., 81 Conn. 284, 70 Atl. 1021, 129 Am. St. Rep. 212. The court, in overruling the demurrer to a complaint which contained no allegation that the notice had been served, says:

"An action may be maintained against this defendant upon the facts set up in this complaint. A written notice is not prerequisite. Section 1130 simply places a limitation, analogous to the general statute of limitations, upon the right of an injured party to prosecute such an action without further proceedings. This limitation is to be regarded as creating a condition subsequent, by which an existing right is cut off by the nonperformance of the condition, rather than a condition precedent to a continuing right. Such being its essential character, a defense predicated upon it, as upon conditions subsequent and limitations generally, need not be anticipated and negatived by the plaintiff, but may properly be left to be pleaded by the defendant."

The decision is by the highest court of Connecticut interpreting a statute of that state and is conclusive as to the meaning of the statute. It must be followed by the Circuit Court and by this court. As was said by Mr. Justice Swayne in Leffingwell v. Warren, 67 U. S. 599, 17 L. Ed. 261:

"The construction given to a statute of a state, by the highest judicial tribunal of such state, is regarded as a part of the statute, and is as binding upon the courts of the United States as the text." Morley v. Lake Shore R. Co., 146 U. S. 162, 13 Sup. Ct. 54, 36 L. Ed. 925; Provident Institution v. Massachusetts, 6 Wall. 611, 18 L. Ed. 907.

The Bulkley Case decides that it is unnecessary for the plaintiff in a negligence cause to allege a compliance with the statute. Consequently it is unnecessary for the plaintiff to prove it. If the plaintiff in the Bulkley Case had proved the allegations of his complaint, which contained no allusion to the notice required by section 1130, he would have been entitled to recover. The notice is not a prerequisite to the maintenance of the suit but a condition subsequent. The plaintiff's right to sue is not destroyed by a failure to give the notice unless the defendant alleges and proves it as a defense. If the defendant makes no mention of it in his pleading, the presumption is clear that he does not intend to reply upon it. We think the Circuit Court was correct in holding that it was incumbent upon the defendant to prove that this notice was not given.

After this ruling the defendant assumed this burden. It called William L. Barnett, a lawyer, who testified that on February 1, 1906, and until four months thereafter, he was the claim attorney of the defendant and that in the ordinary course of business all papers relating to an accident received by the railroad company would be referred to the claim attorney where the files are kept. He was asked:

"Q. Did you ever receive any notice of an intention to sue in the case of Raffaelo Spinello against the New York, New Haven & Hartford Railroad Company? A. No, sir.

"Q. If such a paper had been served, in the regular course of business it would have come to you, would it? A. In the regular course of business all papers received there would be referred to me relating to this accident. I heard of this accident and I investigated it."

The difficulty with this testimony is that it may have been entirely true and still the notice required by the statute may have been received by the secretary or other "agent or executive officer of the company in fault." It may even have been received by the witness himself. The notice required by law is not a notice of "an intention to sue," but a notice containing a general description of the injury and of the time and place of its occurrence. It is not required to state the intention of the sender, but it must give certain data which will enable the railroad company to investigate and pay the damages if it sees fit to do so. It is suggested that this is an exceedingly technical criticism. This is true, but it must be remembered that we are dealing with an exceedingly technical defense, in meeting which the plaintiff is justified in holding the defendant to the strictest proof, especially so where it appears that the claim attorney of the company had actual knowledge of the accident and had investigated it and therefore was in possession of all the information which the written notice could have given him.

The testimony upon the main issue has not been returned, but it must be assumed that the plaintiff would, or might, have recovered a verdict had the cause been permitted to go to the jury. Where, in such circumstances, the defendant relies upon a defense based upon the failure to give it notice of facts which concededly were already within its knowledge, we think the proof should be clear and explicit and that the present proof is neither clear nor explicit.

The judgment is reversed.