[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE DEFENDANT'S COUNTERCLAIM AND SPECIAL DEFENSES
The plaintiff brings this action to recover damages for alleged false and malicious public statements made by the defendant from which the plaintiff has suffered in his reputation and employment. The defendant, who is a police officer employed by the Town of Rocky Hill Police Department, filed with his answer eight (8) special defenses and a counter-claim of five (5) counts against the plaintiff, the Chief of Police of said department. The plaintiff has moved to strike the counter-claim and the special defenses.
A motion to strike challenges the legal sufficiency of a pleading. It admits all facts well-pleaded and if the facts provable under its allegations would support a defense or cause of action, the motion to strike must fail. Mingachos v. CBS, Inc.196 Conn. 91, 108-9.
 I.
The counts of the counter claim appear to set out causes of action in (1) false imprisonment; (2) intentional infliction of emotional distress; (3) a 1983 claim of a violation of free speech (4) a 1983 claim of a violation of equal protection; and (5) abuse of process.
The plaintiff alleges in part that (1) the defendant has not exhausted his administrative remedies, a collective bargaining agreement; (2) the plaintiff has qualified immunity; (3) the matters produced in the counter-claim do not arise from the same transaction of the complaint; (4) the complaint fails to allege an injury which is severe; and (5) the defendant was offered an opportunity to retract.
As to (1), (2) and (5) the plaintiff has made factual assertions in aid of the pleadings which require evidence and cannot be considered in a ruling on a motion to strike. Bulkley v. Norwich W.R. Co., 81 Conn. 284, 287; State v. Bashura,37 Conn. Sup. 745, 748. As to (3) it would appear that it is the employment relationship which gives rise to the respective claims of each of CT Page 2024 the parties and that the claims of the defendant will arise in evidence of the complaint whether or not the defendant had filed the counter-claims. Judicial economy is the purpose of P.B. 116. Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 251. As to (4), the defendant has alleged in his claim for intentional infliction of emotional distress a "severe" injury.
 II.
The basic argument of the plaintiff as to the special defenses filed is that they do not address a specific count. The plaintiff has pleaded but one count. The plaintiff assumes for the purposes of the special defenses that his allegation in the complaint that the defendant stated that the plaintiff did a criminal act was admitted. The language of the special defenses proves otherwise. Even if it was admitted, the defenses must be construed in favor of the defendant as to whether they provide a sufficient defense. There is a construction of such conduct which makes the defenses sufficient, shown from the context and circumstances surrounding the statement.
For the above reasons, the motion to strike is denied.
Corrigan, J.