[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE COMPLAINT
This action has been brought to recover for damages from alleged activities of the defendants during the period from July, 1987 through to the present, which interfered with and caused injury to the plaintiff in his business operation in the development of certain premises for the construction of condominiums. The complaint is in three counts, the first two of which are rounded in tortious interference with a business relationship, the first count against the individual defendants, the second against the Journal-Inquirer as employer of the individual defendants. The third count is alleged to be slander of title against all the defendants. The allegations upon which the three counts are based are the communications and publications by the defendants that the plaintiff had received favored treatment by town officials after secret, unethical meetings which resulted in secret agreements, and that such communications and publications were made with malice and were neither justified nor privileged, which has caused the plaintiff to lose economic gain which had been expected and resulted in a loss in marketability, vendibility and mortgageability of the premises. Two (2) of the individual defendants, Rick C. Welker and Susan Olender, have moved to strike on the ground that the pleadings set out in the Substitute Complaint fail to state a claim upon which relief can be granted, inasmuch as the alleged actions of these defendants are, as a matter of law, non-defamatory statements of opinion on a matter of public interest, and are addressed either to government agencies or to the public in an effort to influence government agencies, and accordingly are statements privileged under the speech and petition clauses of the Constitution of the United States and Connecticut and under Connecticut common law.
The motion to strike contests the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted and in ruling upon it the court is limited to the facts alleged in the complaint construed most favorably to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170. The defendants admit that Connecticut recognizes a cause of action for tortious interference with business relations, which is likely the basis for each of the three counts. Blake v. Levy,191 Conn. 257, 260. The plaintiff, being a public figure, will be required, in order to recover for defamatory falsehood, to prove with clear and convincing proof that the defamatory falsehood was made with actual malice, that is with knowledge that it was false or with reckless disregard of whether it was false or not. New York Times Co. v. Sullivan, 376 U.S. 254, 279-80. The CT Page 1734 defendants, however, claim that the allegations of the complaint are protected statements of opinion. But some of the statements alleged to have been made do not fall under an umbrella of hyperbole in describing cooking, art or manner. Without the assertions made by said defendants and construed in a manner most favorably to the plaintiff, there are alleged facts, if proved, for which the relief requested should be granted. Holbrook v. Cosazza,204 Conn. 336, 349. The court in ruling on a motion to strike may be aided by factual assertions which require evidence. Bulkley v. Norwich W.R. Co., 81 Conn. 284, 287; State v. Bashura,37 Conn. Sup. 745, 748. In defending a statement as an opinion and not as a statement of fact the court must consider all the circumstances surrounding the statement. Goodrich v. Waterbury Republican-American Inc. 188 Conn. 107, 121. Obviously a motion to strike does not allow this.
For the above reasons, the motion to strike is denied.
CORRIGAN, J.