[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE
This is an action for medical malpractice. The complaint alleges surgery was performed on January 11, 1991. The second revised complaint alleges that four weeks later, when the plaintiff started to walk, she noticed one leg was still shorter than the other, which condition the CT Page 11022 operation was supposed to correct. In November 2992 a CAT-Scan confirmed the plaintiff's post-operative discovery.
The defendant had filed an answer and a special defense to the first revised complaint claiming the action is barred by the provisions of 52-884 of the general statutes, since suit was not brought until January 12, 1993, over two years after the date of the surgery.
The plaintiff has filed a motion to strike the special defense.
"The purpose and scope of the motion to strike are identical to those of a demurrer", Cavallo v. Derby Savings Bank, 188 Conn. 281, 283 (1982). A "speaking" motion to strike which raises facts outside the record is not permitted. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181
(1979). The motion can refer to the writ but not to the sheriff's return, Bulkley v. Norwich Westerly Ry. Co., 81 Conn. 284, 286 (1908).
 "A demurrer must stand or fall on the legal sufficiency of the allegations in the pleading demurred to. No additional facts can be alleged in the demurrer. A demurrer which alleges new facts is known as a `speaking demurrer' and is as bad today as it was at common law." Stephenson, Connecticut Civil Procedure, 116 p. 471, Volume 1.
Turning to the merits of the motion, Section 52-584 states in relevant part:
 "No action to recover damages for injury to the person . . . caused by . . . malpractice of a physician or surgeon . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no action may be brought more than three years from the date of the act or omission complained of . . .".
The plaintiff seems to suggest that in a case where it is perceived that a statute of limitation defense may be raised, the plaintiff can insulate itself from such a claim CT Page 11023 by making conclusory claims of fact in the complaint or in a brief attached to the motion to strike.
Relying on the language of the statute, the plaintiff argues that she "did not discover the discrepancy in her leg lengths until at least four weeks after the surgery." The plaintiff imports this allegation into her revised complaint dated July 16, 1993. The motion to strike is directed at an answer dated June 25, 1993 which was directed to a previous revised complaint dated March 8, 1993 not containing the allegation about the date the plaintiff made her discovery. A plaintiff should not be able to have a statute of limitations defense stricken by making self-serving factual allegations the defendant has not even had a chance to deny and on which, in all probability, will leave the plaintiff to her proof.
The plaintiff then goes on to cite 52-593a of the general statutes claiming that under the statute "the end date for the tolling of this statute is the date upon which the writ, summons and complaint are given to the sheriff." As will be discussed, she claims that date is December 29, 1992. She then refers to cases like Zeller v. Mark,14 Conn. App. 651, 654 (1988) which rests ultimately on Amodio v. Cunningham, 182 Conn. 80, 83 (1980) that stands for the general proposition that in passing on a motion to strike, the facts alleged must be taken favorably to the pleader and the court is not strictly limited to the allegations but also can consider facts necessarily implied by the allegations.
The plaintiff seems to forget that the "pleader" here is the defendant. Certainly, the language of the cases referred to would not permit a court to rely on conclusory deductions favorable not to the "pleader" but to the party opposing the special defense which can only be resolved by presentation of the facts at trial. Here the plaintiff says the date on the face of the summons sheet and the date of the original complaint is December 29, 1992, some 13 days prior to January 11, 1993. She goes on to state, "it is also fairly probable and strongly implied by the dates on these documents that the plaintiff gave these documents to the sheriff on December 29, 1992 or shortly thereafter." How can the court imply all of this? Is the mere claim of counsel enough? Should the sheriff submit an affidavit? CT Page 11024 Does the defendant have no right to contest these purported necessary, but clearly self-serving, implications? Cf. Bulkley v. Norwich Westerly Ry. Co, supra. The mere posing of these questions indicates granting the motion to strike is not warranted.
Corradino, J.