[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action was, at all times relevant hereto, the elected Republican Registrar of Voters for the City of Derby. In her capacity as such, she was served with suit papers filed by nine members of the Republican Party whose names had been removed from the roll of the Republican Party pursuant to § 9-60 of the Connecticut General Statutes.
The plaintiffs in that action against the plaintiff herein sought a temporary and permanent injunction ordering the defendants in that action to restore those plaintiffs to the enrollment list of the Republican Party. Among other claims, the plaintiffs in the initial action alleged that the action of Hazel Knapp violated their right to freedom of speech and right to freedom of association under both the Federal and State Constitutions. CT Page 180
By letter of January 14, 1992 to the corporation counsel of the City of Derby, the plaintiff herein requested representation at the City's expense. Attorney James Cohen, Corporation Counsel, responded by letter of January 15, 1992 that his office would represent her only to the extent that was necessary to protect the City from any potential claim resulting from her actions and suggested that she engage the service of her own personal attorney. Attorney Cohen also suggested that, if she sought reimbursement for legal fees, the plaintiff should seek the approval of the Board of Apportionment and Taxation. The parties agreed at oral argument that such approval was sought without success.
Thereafter, the plaintiff obtained the services of Attorney Wendi Doolittle, who had the action removed to the Federal District Court where the same was dismissed on the basis of a motion filed by Attorney Doolittle. Such dismissal took place on November 4, 1992, Attorney Doolittle's claim for attorney's fees under 42 U.S.C. § 1983 was denied by the court on June 1, 1993.
The plaintiff brings this action for reimbursement of Attorney Doolittle's attorneys' fees pursuant to § 7-101a of the Connecticut General Statutes which provides as follows:
 (a) Each municipality shall protect and save harmless any municipal officer, whether elected or appointed, of any board, committee, council, agency or commission . . . , or a municipal employee of such municipality from financial loss and expense including legal fees and costs, if any, arising out of any claim, demand suit or judgment by reason of alleged negligence, or for alleged infringement of any person's civil rights, on the part of such officer or such employees while acting in the discharge of his duties.
Each party has moved for summary judgment in their favor claiming that there is no issue of material fact and that each is entitled to judgment as a matter of law.
In its opposition to the plaintiff's motion for summary judgment, the defendant concedes both in its memorandum of law, and at oral argument that the plaintiff is an elected official within the context of C.G.S. § 7-101a(a). However, the defendant CT Page 181 claims that the action against the defendant was a mandamus proceeding rather than an action for the alleged violation of civil rights. The court disagrees with the defendant.
The fact that this action against the plaintiff sought injunctive relief does not change the fact that such relief was sought on the basis that the action of the plaintiff herein violated the original plaintiffs' rights of freedom of speech and association under the Federal and State Constitutions. Whether that initial case is cast in terms of an application for an injunction or a mandamus does not change the fact that the relief sought is on the basis of the alleged violations of the civil rights of the original plaintiffs.
The defendant also claims in its opposition to the plaintiff's motion for summary judgment that the defense afforded by Attorney Doolittle went beyond that necessary to defend against the mandamus proceeding. In other words, it was not necessary to test the constitutionality of C.G.S. § 9-60, et seq. However, having declined to afford the plaintiff a defense, it would seem to the court that the defendant should not be heard to complain that Attorney Doolittle's defense was broader than that necessary to properly represent her client. To the extent that the defendant claims that Attorney Doolittle's fees represent work which was not necessary or appropriate, such claims can be made with respect to the issue of damages.
There also appears to be no question that the original litigation was the result of action undertaken by Hazel Knapp in the discharge of her duties as Republican Registrar of Voters as required by § 7-101a(a).
In its motion for summary judgment, the defendant claims that the plaintiff's action is barred by § 7-101a(a) which requires that an action under subsection (a) thereof must be brought within two years after the cause of action therefor arose. The issue, of course, is when the plaintiff's cause of action arose.
It must be remembered that although this action is for attorney's fees and costs only, § 7-101a(a) provides that a covered official shall be held harmless for any covered loss including attorneys' fees. Thus, an official covered by the statute would be entitled to be saved harmless with respect to a judgment rendered against such official which is within its CT Page 182 scope.
Obviously, the loss or damages suffered by such official would not be ascertainable until the initial proceeding is concluded and a judgment is rendered. In the court's opinion, the cause of action arose in this case when the original case was dismissed in the Federal Court and the defendant thereafter denied the plaintiff's request to be saved harmless as to her attorney's fees. Such denial took place by virtue of a letter from Attorney Cohen dated November 24, 1993. Therefore, this action was commenced within the two year period as required by § 7-101a(d)
It is therefore the opinion of the court that the motion for summary judgment of the plaintiff, Hazel Knapp, be granted and that a hearing in damages be held regarding the amount of legal fees and costs to be awarded her. The motion for summary judgment of the defendant, City of Derby, is denied.
Thompson, J.