[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
Defendant city of Bristol Board of Education ("Board") seeks dismissal of plaintiffs' complaint, dated January 24, 2000 ("Complaint"), on the ground that the court lacks subject matter jurisdiction. In response to the Board's motion to dismiss, dated March 16, 2000, the plaintiffs filed their objection on June 23, 2000. Oral argument on the motion was heard on September 11, 2000. For the reasons stated below, the court denies the motion.
 I. BACKGROUND
The complaint alleges that plaintiff Jason Pio ("Pio") was a student at Bristol Central High School on May 6, 1998. On that date, it is alleged that Pio was "violently `body-checked' and thrown to the floor by another student" during a floor hockey game which was part of a physical education class. (Complaint, count one, ¶¶ 4-5.) The plaintiffs claim he sustained severe injuries, including permanent damage to the anterior cruciate ligament and cartilage of his right knee, which required reconstructive surgery and a long course of physical therapy. (Complaint, count one, ¶ 7.) The plaintiffs allege that defendant Thomas Bruni, a physical education teacher, and defendant Christopher Clouet, the school's principal, were negligent in various ways, resulting in Pio's injuries. (Complaint, count one, ¶ count two, ¶¶ 8-9.) In count three, plaintiffs allege that, pursuant to General Statute §7-465, the Board is required to pay all sums that defendants Bruni and Clouet become obligated to pay as the result of any verdict against them. (Complaint, count three, ¶ 26.) In addition, the plaintiffs CT Page 12104 allege that they provided a written notice to the Board, a copy of which was attached to the complaint.
In its motion to dismiss, the defendant Board argues that the plaintiffs failed to provide notice of the injury to the clerk for the City of Bristol as required by law. No supporting affidavit was submitted by the movant.[1]
With their objection, Plaintiffs submitted the uncontradicted affidavit of plaintiff Karen Pio, mother of plaintiff Jason Pio. Ms. Pio alleges that "from the first week" after the incident in which her son was injured, she contacted school personnel, as well as the clerk of the city of Bristol, concerning her intention to "hold the school and the city" responsible for her son's injuries. (Affidavit of Karen Pio (Affidavit), April 20, 2000, ¶ 3.) Her averments are corroborated by a copy of a letter submitted by the plaintiffs, dated July 8, 2000, from the Allen J. Flood Companies, Inc. and addressed to Bristol Orthopaedics, L.L.C. The letter referenced Pio as the claimant, Bristol Public Schools as the policyholder, and May 6, 1998 as the date of loss. The letter also acknowledged receipt of the claim and sought information concerning whether the accident of May 6, 1998 caused the injury.
On July 24, 1998, Pio underwent reconstructive surgery. (See Affidavit, ¶ 4.) On July 27, 1998, Ms. Pio sent a letter to the Board, asking that the Board and/or the city of Bristol assume responsibility and "cover any expenses associated with Jason's injury that are not covered by any other insurance provider." (Letter to Board, July 27, 1998.) On the same day, Ms. Pio avers that she "called the City Clerk's office asking for information on procedure, policy and whom to contact to insist that my son be afforded the care he needed and filing a claim with the City of Bristol illustrating my son's needs." (Affidavit, ¶ 7.) Ms. Pio was instructed by the City Clerk's office to write a letter detailing the accident and was "told to address that letter to the City Claims Clerk, Claims Department and that Mr. Stephen Rybczyk would take care of it from that point on." (Affidavit, ¶ 8.) On the next day, July 28, 1998, Ms. Pio sent a letter addressed to "City Claims Clerk, Claims Dept." at Bristol City Hall, in which she described the accident and resulting surgery. Ms. Pio also requested therein that the "Board of Education and the City of Bristol assume the responsibility which is, by rights, theirs already" and requested an answer "ASAP." (Letter to City Claims Clerk, July 28, 1998.) On the next day, July 29, 1998, when her son was refused care due to lack of insurance, she met with Mr. William Smyth, Assistant to Superintendent for Business at the Board, and told him that, without assistance, she would sue the school, the Board and the city of Bristol. (See Affidavit, ¶ 10.) Mr. Smyth referred her to the Claims Department. (See Affidavit, ¶ 10.) Later CT Page 12105 that same day, Ms. Pio met with Mr. Rybczyk at the Claims Department. (See Affidavit, ¶ 11.) Mr. Rybczyk assured her of his help and stated that her letter, which had not yet arrived, would be forwarded to the insurance company. (See Affidavit, ¶ 11.) Also, Ms. Pio "asked him about policy and protocol if the insurance company did not pay and I had to sue the City, was there anything else I had to do, he answered that the letter I had written was `more than adequate' notice of intent and he would bring it to the Council and the Corporation Counsel." (Affidavit, ¶ 10.)
Plaintiffs also submitted a copy of a letter dated August 12, 1998, from Mr. Rybczyk to Ms. Pio on city of Bristol stationery. This letter referred to Mr. Rybczyk as the city of Bristol's "Claims Loss Coordinator." (See Letter from Rybczyk to Pio, August 12. 1998.) Therein, he advised Ms. Pio that on August 11, 1998, the City Council had voted to refer her claim "to the City's insurance carrier for handling." (Letter from Rybczyk to Pio, August 12, 1998.)
 II. STANDARD OF REVIEW
Our Supreme Court frequently set forth the standard of review on a motion to dismiss. The court "must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). The court may grant the motion to dismiss "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id., 309.
A motion to dismiss attacks the jurisdiction of the court, "essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). Practice Book § 10-31(a) provides that one basis for dismissal on such a motion is lack of jurisdiction over the subject matter.
 III. DISCUSSION
In the motion, the content of the notice is not addressed. Rather, the movant Board argues that the notice was inadequate because it was sent to the wrong entity. The defendant does not concede that the "notice" was valid. Without providing an affidavit or exhibit, the Board asserted that "the City Claims Clerk in the Claims Department for the City of Bristol is an entirely different office than the Clerk for the City of Bristol." (Defendant's supporting memorandum of law, at 2.) In support of this CT Page 12106 argument the Board cited General Statute §§ 7-101a (d) and 7-465 (a). At oral argument, the Board also cited to a Superior Court decision for the proposition that because a statutory notice requirement, "such as is contained in § 7-465; creates a right of action which is in derogation of the common law, it demands strict compliance." New LondonCounty Mutual v. Town of Brooklyn, Superior Court, judicial district of Windham at Putnam, Docket No. 058429 (September 30, 1998, Sferrazza,J.), citing Simko v. Zoning Board of Appeals, 206 Conn. 374, 377,538 A.2d 202 (1988). Further, the Board noted that where such a statute provides a time or notice limitation, "that requirement is a jurisdictional prerequisite." Ambroise v. William Raveis Real Estate,Inc., 226 Conn. 757, 766, 628 A.2d 1303 (1993). In objection, the plaintiffs term this argument "absurd" arguing that Ms. Pio sent the letter to the City Claims Clerk in the Claims Department as the city advised her to do. (Plaintiffs objection to the motion to dismiss, at 3.) Also, the plaintiffs maintain that the purpose of the notice requirement, to allow the city to investigate the claim and protect itself, was met as evidenced in the city's acknowledgment letter and its insurance company's investigation.
Both §§ 7-101a (d) and 7-465 (a) provide that notice of the intention to commence an action must be filed with the "clerk of such municipality within six months after such cause of action has accrued." General Statutes §§ 7-101a (d) and 7-465 (a). Our Supreme Court has stated that "[t]he purpose of a provision requiring statutory notice of a claim against the municipality is to give the officers of the municipality such information as will enable them to make a timely investigation of the claim and to determine the existence and extent of liability." State v. Anonymous, 237 Conn. 501, 517, 680 A.2d 956 (1996).
As our Supreme Court repeatedly has said, in statutory interpretation, "common sense must be used." Sweetman v. State Elections EnforcementCommission, 249 Conn. 296, 306, 732 A.2d 144 (1999). In Lussier v.Department of Transportation, 228 Conn. 343, 352, 636 A.2d 808 (1994), where a plaintiff had named anon-existent commission as a defendant, the trial court was held to have improperly dismissed the complaint. A significant factor cited by the Court was that there was "no claim that the commissioner had not received actual notice of the institution of the action, that he did not know that he was the proper defendant in the action, or that he had been misled to his prejudice." Id.
Here, likewise, there is no assertion that the Board or city of Bristol officials did not receive ample opportunity to investigate the claim. The record before the court, in fact, demonstrates the opposite. If the court were to dismiss the case based on the facts before it, it would be the plaintiffs who had been misled, to their prejudice, by the advice provided CT Page 12107 in response to Ms. Pio's persistent inquiries. According to her affidavit, the clerk of the municipality, or his or her designee, directed Ms. Pio to the Claims Department, whose representative assured her that she had done all she had to do to perfect her claim. (See Affidavit, ¶¶ 7-8.) His subsequent letter concerning the City Council's action could only have had the effect of reiterating that fact.
In an analogous context, the trial court in Taylor v. Town of EastHaven, Superior Court, judicial district of New Haven at New Haven, Docket No. 412947 (July 6, 1999, Devlin, J.), came to a similar conclusion. There, a motion to dismiss was premised on a claimed failure to comply with the notice requirements of General Statutes § 13a-149, concerning injuries caused by defective highways. See id. The court noted that the application of legal principles to the case was complicated by the unusual facts surrounding the notice. See id. As Ms. Pio did here, the plaintiff in Taylor communicated with the town clerk's office. See id. A town employee typed up the notice for her and a town investigator subsequently contacted her to take a report. See id. The court also noted that the case did not involve a notice sent by an attorney; rather, the facts involved the actions of a layperson. See id. Similarly, the notice sent by Ms. Pio was also that of a layperson.
It is a fundamental tenet of Connecticut jurisprudence that "[t]he law does not require a useless and futile act." In re Antony B.,54 Conn. App. 463, 476, 735 A.2d 893 (1999). In effect, the conduct of the municipal officials evidenced by the record made providing a written notice to the clerk, in addition to that provided to his or her designee, an unnecessary act.
As noted above, Ms. Pio's affidavit was not controverted by any municipal official. On the unique facts presented here, the motion is denied. To hold otherwise would be to endorse the proposition that municipal officials may mistakenly advise laypersons as to how to perfect claims and, even where the municipality has been afforded an adequate opportunity to investigate a timely claim, the claim should be dismissed for lack of technical compliance with the applicable statute. The legislature cannot have intended such a result. Here because notice was sent to the clerk's designee, it satisfied the statutory requirements.
 IV. CONCLUSION
For the foregoing reasons, the motion to dismiss is denied.
It is so ordered. CT Page 12108
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT