[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE I INTRODUCTION AND FACTUAL BACKGROUND
On October 30, 1998, the plaintiff, Samuel L. Cannada, filed a complaint against the defendants, the Town of West Hartford (Town) and Brendan B. Grady, an election moderator for the Town, alleging negligence and carelessness (first count), violation of General Statutes §7-465[1] (second count and fourth count) and recklessness (third count). In his complaint, Cannada alleges that on November 5, 1996, while he was performing his parking duties during an election held at King Phillip Middle School, he was struck by Grady's vehicle after a verbal altercation. Cannada alleges that he suffered injuries to his fight leg and back as a result of the incident.
On November 5, 1998, Grady filed a cross complaint against the Town alleging that in accordance with the provisions of General Statutes § 7-101a[2] the Town is required to protect and save him from financial loss and expense, and attorney's fees and costs, arising out of Cannada's claim.
On November 10, 1998, Grady filed a motion to strike the third count of Cannada's complaint (recklessness), which the court, Hennessey, J., granted on January 1, 1999. On November 12, 1998, the Town and the West CT Page 12885 Hartford Board of Education (Board) filed a motion to intervene under the Worker's Compensation Act, and on November 13, 1998, the Town filed a motion to strike the second and fourth counts of Cannada's complaint, which the court, Booth, J., granted on May 11, 1999. The Town has now filed the present motion to strike Grady's cross complaint.
 II DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, "the role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Lombard v. EdwardJ. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
The Town moves to strike Grady's cross complaint arguing that he has failed to comply with statutory notification requirements. Specifically, the Town argues that Grady did not provide the Town with notice of his claim within six months as required by § 7-101a (d). The Town argues that even though Cannada may have given notice to the Town, Grady may not utilize such notice because Cannada had no direct cause of action against the Town and his notice failed to allege that Grady was entitled to indemnification pursuant § 7-101a.
Grady argues that § 7-101a does not state who must give notice and that he filed his cross complaint within six months of the date that his cause of action accrued.
 A
In Orticelli v. Powers, 197 Conn. 9, 14, 495 A.2d 1023 (1985), the court explained that § 7-101a "protects municipal officers and full-time municipal employees from financial loss and expenses arising out of damage suits, including civil rights suits." Likewise, in Norwichv. Silverberg, 200 Conn. 367, 375, 511 A.2d 336 (1986), the court stated CT Page 12886 that "the legislature provided for statutory indemnification by municipalities to relieve individual municipal employees and officers of personal liability for injuries they cause, or are alleged to have caused, to third parties on behalf of their municipalities. In effect, the legislature has created a statutory analogue for the common law doctrine of respondeat superior." "The title of § 7-101a makes clear that it is designed for the [p]rotection of municipal officers and municipal employees from damage suits. . . . Thus, § 7-101a is very meaningful to the class of people sought to be protected — employees and officers of municipalities, towns and cities." (Citation omitted; internal quotation marks omitted.) Peters v. Greenwich, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 147192 (January 2, 2001, D'Andrea, J.) (28 Conn. L. Rptr. 671, 679).
Section 7-101a (d) states that "[n]o action shall be maintained under this section against such municipality or employee unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued." This statutory language raises two issues, first, whether Cannada or Grady was required to file the §7-101a (d) notice and, second, whether "cause of action" as used in § 7-101a (d) refers to the Cannada's cause of action for negligence or to Grady's cause of action for indemnification.
With regard to the first issue, as noted in Orticelli, "[a] plain reading of the whole statute indicates that the limitation and notice provisions of § 7-101a (d) are applicable only to actions for indemnification maintained under § 7-101a (a) and to an action for reimbursement of defense expenses pursuant to § 7-101a (b)."Orticelli v. Powers, supra, 197 Conn. 14. Thus, although Cannada first put the Town on notice in his letter dated April 9, 1997, and the Town surely utilized such notice in preparing its successful defense as well as in its intervention claim, the notice provision in § 7-101a (d) does not apply to Cannada but rather to Grady, the party seeking to maintain an action pursuant to § 7-101a.
The second issue involves a matter of statutory interpretation. "The law favors rational and sensible statutory construction. . . . The unreasonableness of the result obtained by the acceptance of one possible alternative interpretation of an act is a reason for rejecting that interpretation in favor of another which would provide a result that is reasonable. . . . When two constructions are possible, courts will adopt the one which makes the [statute] effective and workable, and not one which leads to difficult and possibly bizarre results." (Citations CT Page 12887 omitted; internal quotation marks omitted.) Maciejewski v. WestHartford, 194 Conn. 139, 151-52, 480 A.2d 519 (1984); see also StateBoard of Labor Relations v. Freedom of Information Commission,244 Conn. 487, 495, 709 A.2d 1129 (1998) ("Statutes are to be construed in a manner that will not thwart [their] intended purpose or lead to absurd results. . . . The law favors a rational statutory construction and we presume that the legislature intended a sensible result." (Citation omitted; internal quotation marks omitted.)).
Grady filed his cross complaint less than one month after Cannada actually filed his complaint. Prior to the filing of Cannada's suit on October 30, 1998, Grady could not know that Cannada would truly commence an action against him and the Town. To hold that Grady's notification is based on Cannada's cause of action would create an irrational result requiring a municipal officer to file a notice of intention to sue before there was any need.
The cause of action against the Town certainly could not accrue any earlier than the filing of Cannada's suit. See Knapp v. Derby, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 49918 (January 15, 1998, Thompson, J.) (21 Conn. L. Rptr. 149). In Knapp, supra, 21 Conn. L. Rptr. 149, the court held that the cause of action (and, thus, the notice requirement) arose when the original case was dismissed and the defendant municipality denied a request to save the plaintiff employee harmless. Id., 150.
The Town is correct in its position that Grady's "own notice of claim, given on November 4, 1998 by service of his cross complaint was untimely" but not because it is late; rather, because it is premature. Grady has not yet sustained any "financial loss and expense, including legal fees and costs" as prescribed by § 7-101a (a). There has been no judgment or settlement adverse to Grady, and, thus, while Grady is responsible for defending the claim, he has not yet sustained any real damages.
Other statutes dealing with indemnification are instructive. General Statutes § 52-598a, dealing with limitations of action for indemnification, states that "[n]otwithstanding any provision of this chapter, an action for indemnification may be brought within three years from the date of the determination of the action against the party whichis seeking indemnification by either judgment or settlement." (Emphasis added.) Similarly, indemnification actions under General Statutes §10-235 may be maintained only after the loss is sustained. See Burns v.Board of Education, 30 Conn. App. 594, 601, 621 A.2d 1350 (1993), rev'd on other grounds, 228 Conn. 640, 638 A.2d 1 (1994); see also Walsh v.Watertown Board of Education, Superior Court, judicial district of Waterbury, Docket No. 149790 (November 6, 2000, Wiese, J.); Parsons v.CT Page 12888West Hartford Board of Education, Superior Court, judicial district of Hartford, Docket No. 533484 (September 16, 1994, Corradino, J.) (13 Conn. L. Rptr. 52, 53)[3]
This court therefore finds that, until there is a determination of the action between Cannada and Grady, Grady's cause of action for indemnification has not accrued. See Sivilla v. Phillips Medical Systemof North America, Inc., 46 Conn. App. 699, 711, 700 A.2d 1179 (1997). It follows that if the Town heretofore has received the proper notice under § 7-101a, such notice does not fail on the basis of untimeliness, as the six month limitation period has not yet begun to run. Thus, the only remaining issue is whether the Town in fact received sufficient notice pursuant to the provisions of § 7-101a (d).
 B
Grady argues that the Town had its notice both from the § 7-465
notice filed by Cannada and by the filing of Grady's cross complaint. This court believes that, under the facts of this case, neither of these circumstances truly satisfies the requirements of § 7-101 (d).
"The purpose of a provision requiring statutory notice of a claim as a condition precedent to bringing an action for damages against the municipality is to give the officers of the municipality such information as will enable them to make a timely investigation of the claim and to determine the existence and extent of liability." (Internal quotation marks omitted.) State v. Anonymous, 237 Conn. 501, 517, 680 A.2d 956
(1996); see also Pio v. Bruni, Superior Court, judicial district of New Britain, Docket No. 500043 (September 26, 2000, Shapiro, J.) (28 Conn. L. Rptr. 366).
It could surely be argued that the Town had its notice from Cannada's § 7-465 notice. See Steele v. Stonington, 225 Conn. 217, 222-23,622 A.2d 551 (1993) (holding that notice incorrectly referencing §7-465 is sufficient to meet notice requirements of § 13a-149). The notice given by Cannada certainly gave much of the information that was required for the Town. That notice was, however, for another purpose — it dealt solely with Cannada's claim. Notice for purposes of § 7-101a (d) is different; it applies to the employee's claim for indemnification "from financial loss and expense, including legal fees and costs. . . ." General Statutes § 7-101a (a).
Grady's service of his cross complaint likewise does not satisfy the notice requirement. "The service of a complaint does not satisfy a notice requirement which is a prerequisite to the commencement of a statutory action. Forbes v. Suffield, 81 Conn. 274, 275-76, 70 A. 1023 (1908); see CT Page 12889Crocker v. Hartford, 66 Conn. 387, 391, 34 A. 98 (1895)." Guilford YachtClub Assn., Inc. v. Northeast Dredging, Inc., 192 Conn. 10, 12 n. 8,468 A.2d 1235 (1984); see also Pacelli Bros. Transportation, Inc. v.Pacelli, 189 Conn. 401, 414, 456 A.2d 325 (1983) ("In the absence of some special provision, the commencement of suit does not satisfy a statutory notice requirement."). Independent notice, therefore, must be given.
For the above reasons, the Town's motion to strike Grady's cross complaint for indemnification pursuant to § 7-101a is granted on the ground that the notice required as a precondition to bringing such an action has not been given. In granting the motion to strike, the court reiterates that, at this juncture, Grady has not failed to meet the six month time requirement as his cause of action has not yet accrued. In fact, it is premature.
BERGER, J.