In the Matter of TRANS-UNITED IN-
DUSTRIES, INC., Debtor.

**RYWELLE ASSOCIATES, INC.,**
Petitioner-Appellant,

v.

Robert E. COHN, Trustee, Respondent-
Appellee,

Textile Banking Company, Intervenor.

No. 16, Docket 29683.

United States Court of Appeals
Second Circuit.

Argued Sept. 29, 1965.

Decided Oct. 14, 1965.

Sylvan Schwartz, New York City
(Harry Salvan, New York City, on the
brief), for petitioner-appellant.

Robert E. Cohn, Hartford, Conn., for
respondent-appellee.

Paul W. Orth, Hartford, Conn., for in-
tervenor.

Before FRIENDLY and KAUFMAN,
Circuit Judges, and BRYAN, District
Judge.*

PER CURIAM:

Rywelle Associates, Inc. ("Rywelle")
appeals from an order of Judge Blumen-
feld denying its petition to reclaim 726
shares of stock in the United Metal Cab-
inet Corporation ("Metal") over the ob-
jection of Robert E. Cohn, Trustee in
Bankruptcy ("Trustee") of Trans-Unit-
ed Industries, Inc. ("T-U"). On Decem-
ber 30, 1960, while still solvent, T-U
entered into an agreement with Samuel
and Nathan Hammer to purchase from
them 726 shares of Metal stock. In June
1962, T-U sought to obtain a $600,000
loan from Textile Banking Company
("Textile"), to which it had already
mortgaged most of its assets to secure
prior outstanding loans of approximately

* Of the Southern District of New York, sitting by designation.

$5,000,000. Textile considered itself in an over-advanced position and obtained Rywelle's participation in 50 per cent of the loan. Rywelle deposited $300,000 with Textile and Textile advanced the $600,000 to T-U, released the old mortgages and accepted in exchange certain new collateral. Part of the new collateral was an October 31, 1962, "assignment" of T-U's rights in the contract to purchase the Metal stock.

In April 1963, T-U filed a Chapter X petition in Bankruptcy. The trustee, with the permission of the court, borrowed a further sum from Textile and paid the balance of the purchase price for the Metal stock to the Hammers. The stock certificate was not delivered to Textile prior to the bankruptcy because it was being held as collateral to secure payment of the full purchase price. The instrument embodying the October 1962 assignment was never recorded.

On October 16, 1964, pursuant to a settlement of Rywelle's suit against it for an accounting and return of the $300,000 previously advanced, Textile assigned to Rywelle all its rights in the Metal stock. Rywelle then commenced this reclamation proceeding, claiming that it had superior rights in the stock to those of the trustee.

 We agree with Judge Blumenfeld that Rywelle, stepping into the shoes of its assignor Textile, had rights in the stock subordinate to those of the trustee. Although the agreement of October 31, 1962, was labeled an "assignment," by its very terms it created only a security interest, which was never perfected (as it could have been) by a trans-

fer of possession or recording under New York Lien Law, § 230, McKinney's Consol. Laws, c. 33.[1] Since the trustee obtains all the rights of a hypothetical lien creditor on the date of bankruptcy (§ 70, sub. c of the Bankruptcy Act, 11 U.S.C. § 110, sub. c), the unperfected security interest was subordinate to his interest in the stock. Sammet v. Mayer, 108 F.2d 337 (2d Cir. 1939). Finally, even if Textile purported to assign to Rywelle rights good as against the trustee, it could not effectively do so; an assignee gets no better rights than those of his assignor.[2]

Affirmed.

---

1. Paragraph 1 of the assignment read as follows:

    This assignment is made as security for the payment of any and all loans which have been or may hereafter be made by Banker [Textile] to United [T-U]. * * * Now if United shall well and truly pay its indebtedness to Banker, or its successors and assigns, then these presents may be voided upon United's written request.

2. We find no basis for Rywelle's contention that Textile purported to transfer more than it had. Paragraph 2 of the stipulation of settlement provided that "The defendant [Textile] assigns to the plaintiff [Rywelle] all of its right, title and interest in and to certificate No. 6 for 726 shares of the capital stock of United Metal Cabinets Corporation, *subject particularly to the rights therein of the trustee in bankruptcy for Trans-United Industries, Inc., if any.* * * *" (Emphasis added.)