## STATE OF CONNECTICUT *v.* ANONYMOUS
## (15229)

Peters, C. J., and Callahan, Borden, Berdon, Norcott, Katz and Palmer, Js.

Argued February 16—officially released July 2, 1996

*Elliot B. Spector*, with whom, on the brief, was *Christopher G. Arciero*, for the appellant (town of Farmington).

*Jon L. Schoenhorn*, for the appellee (defendant).

BORDEN, J. The dispositive issues in this certified appeal are whether, under the circumstances of this case, the appellant, the town of Farmington (town): (1) has standing to maintain this action; and (2) is required to honor the defendant's request for the destruction of certain records pursuant to General Statutes § 54-142a,[1]

---

[1] General Statutes § 54-142a provides: "Erasure of criminal records. (a) *Whenever in any criminal case, on or after October 1, 1969, the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court records and records of any state's attorney pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken, or upon final determination of the appeal sustaining a finding of not guilty or a dismissal, if an appeal is taken.* Nothing in this subsection shall require the erasure of any record pertaining to a charge for which the defendant was found not guilty by reason of mental disease or defect or guilty but not criminally responsible by reason of mental disease or defect.

"(b) Whenever in any criminal case prior to October 1, 1969, the accused, by a final judgment, was found not guilty of the charge or the charge was dismissed, all police and court records and records of the state's or prosecuting attorney or the prosecuting grand juror pertaining to such charge shall be erased by operation of law and the clerk or any person charged with the retention and control of such records shall not disclose to anyone their existence or any information pertaining to any charge so erased; provided nothing in this subsection shall prohibit the arrested person or any one of his heirs from filing a petition for erasure with the court granting such not guilty judgment or dismissal, or, where the matter had been before a municipal court, a trial justice, the circuit court or the court of common pleas with the records center of the judicial department and thereupon all police and court records and records of the state's attorney, prosecuting attorney or prosecuting grand juror pertaining to such charge shall be erased. Nothing in this subsection shall require the erasure of any record pertaining to a charge for which the defendant was found not guilty by reason of mental disease or defect.

"(c) Whenever any charge in a criminal case has been nolled in the superior court, or in the court of common pleas, if at least thirteen months have elapsed since such nolle, all police and court records and records of the state's or prosecuting attorney or the prosecuting grand juror pertaining to such charge shall be erased. However, in cases of nolles entered in the

Connecticut's criminal records erasure statute. The town appeals from the judgment of the Appellate Court,

superior court, court of common pleas, circuit court, municipal court or by a justice of the peace prior to April 1, 1972, such records shall be deemed erased by operation of law and the clerk or the person charged with the retention and control of such records shall not disclose to anyone their existence or any information pertaining to any charge so erased, provided nothing in this subsection shall prohibit the arrested person or any one of his heirs from filing a petition to the court or to the records center of the judicial department, as the case may be, to have such records erased, in which case such records shall be erased. Whenever any charge in a criminal case has been continued at the request of the prosecuting attorney, and a period of thirteen months has elapsed since the granting of such continuance during which period there has been no prosecution or other disposition of the matter, the charge shall be construed to have been nolled as of the date of termination of such thirteen-month period and such erasure may thereafter be effected or a petition filed therefor, as the case may be, as provided in this subsection for nolled cases.

"(d) Whenever prior to October 1, 1974, any person who has been convicted of an offense in any court of this state has received an absolute pardon for such offense, such person or any one of his heirs may, at any time subsequent to such pardon, file a petition with the superior court at the location in which such conviction was effected, or with the superior court at the location having custody of the records of such conviction or with the records center of the judicial department if such conviction was in the court of common pleas, circuit court, municipal court or by a trial justice court, for an order of erasure, and the superior court or records center of the judicial department shall direct all police and court records and records of the state's or prosecuting attorney pertaining to such case to be erased. Whenever such absolute pardon was received on or after October 1, 1974, such records shall be erased.

"(e) The clerk of the court or any person charged with retention and control of such records in the records center of the judicial department or any law enforcement agency having information contained in such erased records shall not disclose to anyone, except the subject of the record, upon submission pursuant to guidelines prescribed by the Office of the Chief Court Administrator of satisfactory proof of the subject's identity, information pertaining to any charge erased under any provision of this section and such clerk or person charged with the retention and control of such records shall forward a notice of such erasure to any law enforcement agency to which he knows information concerning the arrest has been disseminated and such disseminated information shall be erased from the records of such law enforcement agency. *Such clerk or such person, as the case may be, shall provide adequate security measures to safeguard against unauthorized access to or dissemination of such records or upon the request of the accused cause the actual physical destruction of such records.* No fee

which concluded that the town did not fall within an exception to the nondisclosure provisions of the erasure statute and that the defendant was entitled to have the records destroyed. We conclude that, under the circumstances of this case, the town is entitled to a limited disclosure of the records and is not required to destroy them. Accordingly, we reverse the judgment of the Appellate Court.

The following facts and procedural history are undisputed. On March 31, 1993, members of the Farmington police department, acting pursuant to an arrest warrant, arrested the defendant, who is proceeding under the pseudonym "Anonymous," and charged him with attempted larceny in the first degree by extortion in violation of General Statutes §§ 53a-49, 53a-119 (5) (E) and 53a-122. The charges were dismissed on June 17, 1993. On July 8, 1993, the defendant, pursuant to General Statutes §§ 7-465 and 7-101a,[2] sent notice to the

---

shall be charged in any court with respect to any petition under this section. Any person who shall have been the subject of such an erasure shall be deemed to have never been arrested within the meaning of the general statutes with respect to the proceedings so erased and may so swear under oath.

"(f) Upon motion properly brought, the court or a judge thereof, if such court is not in session, *may order disclosure of such records (1) to a defendant in an action for false arrest arising out of the proceedings so erased* or (2) to the prosecuting attorney and defense counsel in connection with any perjury charges which the prosecutor alleges may have arisen from the testimony elicited during the trial. Such disclosure of such records is subject also to any records destruction program pursuant to which the records may have been destroyed. The jury charge in connection with erased offenses may be ordered by the judge for use by the judiciary, provided the names of the accused and the witnesses are omitted therefrom.

"(g) The provisions of this section shall not apply to any police or court records or the records of any state's attorney or prosecuting attorney with respect to any count of any information or indictment which was nolled or dismissed if the accused was convicted upon one or more counts of the same information or indictment." (Emphasis added.)

[2] General Statutes § 7-465 provides: "Assumption of liability for damage caused by employees or members of local emergency planning districts. Joint liability of municipalities in district department of health or regional

town, its police department and Detective Arthur Felie, of his intention to bring an action for damages for false arrest. The notice alleged that the Farmington police

planning agency. (a) Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of section 7-308, and on behalf of any member from such municipality of a local emergency planning district, appointed pursuant to section 22a-601, all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. This section shall not apply to physical injury to a person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such municipality if the employee suffering such injury or, in the case of his death, his dependent, has a right to benefits or compensation under chapter 568 by reason of such injury. If an employee or, in the case of his death, his dependent, has a right to benefits or compensation under chapter 568 by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such employee or, in the case of his death, his dependent, shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was wilful and malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1. This section shall not apply to libel or slander proceedings brought against any such employee and, in such cases, there is no assumption of liability by any town, city or borough. Any employee of such municipality, although excused from official duty at the time, for the purposes of this section shall be deemed to be acting in the discharge of duty when engaged in the immediate and actual performance of a public duty imposed by law. Such municipality may arrange for and maintain appropriate insurance or may elect to act as a self-insurer to maintain such protection. No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose nor unless *written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued.* Governmental immunity shall not be a defense in any action brought under this section. In any such action the municipality and the employee may be

had been able to obtain the judge's signature on the arrest warrant only by omitting material facts from the warrant, and that the police had known, or should have

represented by the same attorney if the municipality, at the time such attorney enters his appearance, files a statement with the court, which shall not become part of the pleadings or judgment file, that it will pay any verdict rendered in such action against such employee. No mention of any kind shall be made of such statement by any counsel during the trial of such action. As used in this section, 'employee' shall include (1) a member of a town board of education and any teacher, including a student teacher doing practice teaching under the direction of such a teacher, or other person employed by such board and (2) a member of the local emergency planning committee from such municipality appointed pursuant to section 22a-601. Nothing in this section shall be construed to abrogate the right of any person, board or commission which may accrue under section 10-235.

"(b) Each town, city or borough which has joined with other towns, cities or boroughs to form a district department of health, pursuant to chapter 368f, or a regional planning agency, pursuant to chapter 127, shall jointly assume the liability imposed upon any officer, agent or employee of such district department of health or such regional planning agency, acting in the performance of his duties and in the scope of his employment, under, and in the manner and in accordance with the procedures set forth in, subsection (a) of this section. Such joint assumption of liability shall be proportionately shared by the towns, cities and boroughs in such district or regional planning agency, on the same basis that the expenses of such district are shared as determined under section 19a-243, or such regional planning agency as determined under section 8-34a." (Emphasis added.)

General Statutes § 7-101a provides: "Protection of municipal officers and municipal employees from damage suits. Reimbursement of defense expenses. Liability insurance. Time limit for filing notice and commencement of action. (a) Each municipality shall protect and save harmless any municipal officer, whether elected or appointed, of any board, committee, council, agency or commission, including any member of a local emergency planning committee appointed from such municipality pursuant to section 22a-601, or any municipal employee, of such municipality from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence, or for alleged infringement of any person's civil rights, on the part of such officer or such employee while acting in the discharge of his duties.

"(b) In addition to the protection provided under subsection (a) of this section, each municipality shall protect and save harmless any such municipal officer or municipal employee from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand or suit instituted against such officer or employee by reason of alleged malicious, wanton or wilful act or ultra vires act, on the part of such officer or employee while acting in the discharge of his duties. In the event such officer or employee

known, that the information in the warrant affidavit was insufficient to obtain a warrant.

On July 27, 1993, the defendant sent a letter to the records division of the Farmington police department, requesting that all evidence of his arrest, including photographs, negatives, fingerprint cards and police reports, be turned over to him. On August 19, 1993, in response to a letter from the police department stating that the records had been "erased," the defendant sent another letter to the police department, this time requesting that all records of his arrest physically be destroyed. Thereafter, counsel for the town and the defendant exchanged a series of letters concerning the interpretation of Connecticut's erasure statute and whether, as the town contended, that statute could be satisfied by sealing the files relating to the defendant's arrest and segregating them from other files, or whether, as the defendant argued, the statute required the actual physical destruction of the records.

Dissatisfied with the town's assurance that the records of his arrest would be segregated in order to

has a judgment entered against him for a malicious, wanton or wilful act in a court of law, such municipality shall be reimbursed by such officer or employee for expenses it incurred in providing such defense and shall not be held liable to such officer and employee for any financial loss or expense resulting from such act.

"(c) Each such municipality may insure against the liability imposed by this section in any insurance company organized in this state or in any insurance company of another state authorized to write such insurance in this state or may elect to act as self-insurer of such liability.

"(d) No action shall be maintained under this section against such municipality or employee unless such action is commenced within two years after the cause of action therefor arose nor *unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued.*

"(e) For the purposes of this section 'municipality' means any town, city, borough, consolidated town and city, consolidated town and borough, district, district department of health, or authority established by the general statutes, a special act or local law, ordinance or charter or any public agency." (Emphasis added.)

prevent their disclosure, the defendant, on October 26, 1993, filed a motion in the trial court to compel destruction of the records. The defendant did not send the town a copy of his motion. After the trial court, in the town's absence, ordered the records destroyed, the town, on November 9, 1993, filed a motion requesting that the trial court vacate its earlier ruling and permit the town access to the records for the limited purpose of defending against the civil action threatened by the defendant. The trial court granted the town's motion on November 12, 1993, and denied the defendant's subsequent motion for reconsideration.

The defendant appealed from the judgment of the trial court to the Appellate Court claiming that: (1) the town lacked standing because it was not a party to the underlying criminal action, had not filed a motion to intervene, and was not aggrieved; and (2) the trial court improperly determined that the notice of intention to institute a civil action sent by the defendant to the town constituted sufficient ground to order disclosure of the arrest records pursuant to § 54-142a (f). See footnote 1. The Appellate Court concluded that the town had standing to maintain this action but also concluded, with one judge dissenting, that the town was not entitled to disclosure of the records, and that the defendant was entitled to have the records of his arrest physically destroyed. *State* v. *Anonymous*, 37 Conn. App. 62, 66, 69–70, 654 A.2d 1241 (1995). This certified appeal by the town followed.[3]

I

The defendant has renewed his challenge to the town's standing. Because standing implicates a court's

[3] We granted the town's petition for certification to appeal limited to the following question: "In the circumstances of this case, was the automatic erasure of criminal records required by General Statutes § 54-142a?" *State* v. *Anonymous*, 232 Conn. 922, 656 A.2d 671 (1995).

subject matter jurisdiction and may be raised at any point in judicial proceedings; *Stamford Hospital* v. *Vega*, 236 Conn. 646, 656, 674 A.2d 821 (1996); we must address that issue before considering the merits of the town's appeal. The defendant claims that the Appellate Court improperly concluded that the town had standing to file its November 9, 1993 motion requesting that the trial court vacate its ruling that the defendant's arrest records be destroyed. He argues that the underlying action in this case is the criminal proceeding against him, in which the town was not a party, did not file a motion to intervene, and was not aggrieved. The trial court, he argues, was therefore without subject matter jurisdiction to decide the town's motion. We disagree.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action . . . . If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." (Citation omitted; internal quotation marks omitted.) *Tomlinson* v. *Board of Education*, 226 Conn. 704, 717, 629 A.2d 333 (1993). "Standing is not a technical rule intended to keep aggrieved parties out of court . . . . Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . The requirements of justiciability and controversy are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer . . . ." (Citations omitted; internal quotation marks omitted.) *Gay & Lesbian Law Students Assn.* v. *Board of Trustees*, 236 Conn. 453, 463–64, 673 A.2d 484 (1996).

It is true, as the defendant argues, that the town was not a party to the dismissed criminal action and did not file a motion to intervene. The town, however, after being notified of the defendant's intention to institute an action against it and its employees, had an interest in the outcome of the defendant's request for an order requiring the destruction of the records that would likely be needed for defense of the threatened civil action. Styled as a proceeding in a no longer existing criminal case, the defendant's motion specifically named town employees as parties to be subject to any order to destroy records, but did not provide notice to the town.[4] The defendant's request arguably could have been brought in the form of a mandamus action to compel police officials to destroy the records. Because the defendant chose not to bring such an action, the town, which had a colorable claim for disclosure of the records pursuant to § 54-142a (f), was put in the position of filing a motion for such disclosure in the context of a motion to vacate the order to destroy the records. Denying the town standing to file such a motion would elevate form over substance. Having been permitted to file his motion for destruction of the records without providing notice to the town, the only other party with a real interest in the outcome of the trial court's decision, the defendant has no legitimate cause to complain that the trial court then permitted the town to challenge its decision.

## II

We turn next to the certified question. We note as a threshold matter that the question certified; see foot-

---

[4] The defendant's motion seeking the physical destruction of his arrest records included the following: "The defendant requests that said order be directed to any public individual or entity with possession, custody, or control of such records, including but not limited to the clerk of the Superior Court and any law enforcement agencies, *specifically including the Farmington Police Department and its agents.*" (Emphasis added.)

note 3; could have been more aptly phrased. It is evident that § 54-142a (a), which provides for the automatic erasure of police records upon the expiration of the time to file an appeal from a dismissed criminal case, is applicable here. The question decided by the Appellate Court and briefed by the parties was not whether to allow erasure of the records, but, rather, whether the town was entitled to disclosure of information in such erased records pursuant to § 54-142a (f), or whether, instead, the records were physically to be destroyed pursuant to § 54-142a (e). We therefore rephrase the certified question as follows: "Did the Appellate Court properly conclude that: (1) the town was not entitled to disclosure of the police records of the defendant's arrest; and (2) the defendant was entitled to have the records of his arrest physically destroyed?"[5]

The town claims that the Appellate Court improperly determined that it was not a defendant in an action for false arrest and was not, therefore, entitled to disclosure of the records pursuant to § 54-142a (f). Although the town acknowledges that notice of an intent to file an action is not the equivalent of bringing an action, the town argues that it should nonetheless fall within the § 54-142a (f) exception to nondisclosure of erased records because to hold otherwise would lead to harsh and irrational results that were not intended by the legislature. The town further argues that permitting the defendant to have the records destroyed would hinder

_____

[5] We also observe initially that our statutes distinguish between the disclosure of "police records" pursuant to § 54-142a, the statute presently at issue; see *State* v. *West*, 192 Conn. 488, 496–97, 472 A.2d 775 (1984); and the return of identifying data, such as fingerprints, pictures, and descriptions, which is governed by General Statutes § 29-15. That statute provides for the return of such items to the defendant in a dismissed criminal action provided that the defendant has no record of a prior criminal conviction. The defendant has not requested return of such identifying data pursuant to § 29-15, and the record does not indicate whether the defendant has been convicted of a prior criminal charge. Our decision, therefore, does not address the issue of destruction of identifying data contained in police files.

the town's efforts to determine its liability in the impending civil action by making it difficult, if not impossible, to reconstruct dates and times of events, recollect investigative efforts, and identify locations and statements of witnesses, letters and other written documents.

We need not decide in this case whether the defendant's notice of intent to institute a civil action constitutes an "action for false arrest" within the meaning of § 54-142a (f). We conclude that the defendant, by filing the notice of intent to bring an action, must be deemed to have waived, to a limited extent, the nondisclosure provisions of § 54-142a, as well as the provision requiring the physical destruction of his criminal arrest records.

Section 54-142a (a) provides for the automatic erasure of police records once the time to take an appeal has passed. See footnote 1. Erasure does not mean physical destruction of the records. Rather, it " 'involves sealing the files and segregating them from materials which have not been erased and protecting them from disclosure, except that disclosure is permitted in a few, very limited circumstances described in the statutes.' " *State* v. *West*, supra, 192 Conn. 495; *Doe* v. *Manson*, 183 Conn. 183, 184, 438 A.2d 859 (1981). Section 54-142a (e) designates the manner in which erased records shall be protected: "The clerk of the court or any person charged with retention and control of such records in the records center of the judicial department or any law enforcement agency having information contained in such erased records . . . shall provide adequate security measures to safeguard against unauthorized access to or dissemination of such records or upon the request of the accused cause the actual physical destruction of such records. . . ."

Section 54-142a (f) provides for limited circumstances under which erased records may be disclosed.

One such situation is that the court may order erased records disclosed "to a defendant in an action for false arrest arising out of the proceedings so erased." General Statutes § 54-142a (f). The town rests its entitlement to disclosure of the records on the provisions of § 54-142a (f). The town maintains that, as the recipient of the defendant's notice of intent to bring a civil action, it is, functionally, a defendant in an action for false arrest within the meaning of § 54-142a (f). The defendant, however, relies on § 54-142a (e) for the proposition that he has the right to have his records physically destroyed, rather than just sealed and segregated. He points to the language in § 54-142a (e) that provides that "upon the request of the accused [the person charged with retention and control of erased records shall] cause the actual physical destruction of such records." He asserts that the town is not a defendant in an action for false arrest because no such action has been filed, and that the plain language of the statute entitles him to destruction of the records.

"[T]he process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation . . . and to the jurisprudential background of the statute." (Citations omitted; internal quotation marks omitted.) *State* v. *Piorkowski*, 236 Conn. 388, 404, 672 A.2d 921 (1996). " 'It is fundamental that statutory construction requires us to ascertain the intent of the legislature and to construe the statute in a manner that effectuates that intent.' " *Murchison* v. *Civil Service Commission*, 234 Conn. 35, 45, 660 A.2d 850 (1995). "The law favors rational and sensible statutory construction. . . . The unreasonableness of the result obtained by the accep-

tance of one possible alternative interpretation of an act is a reason for rejecting that interpretation in favor of another which would provide a result that is reasonable. . . . When two constructions are possible, courts will adopt the one which makes the [statute] effective and workable, and not one which leads to difficult and possibly bizarre results." (Citations omitted; internal quotation marks omitted.) *Maciejewski* v. *West Hartford*, 194 Conn. 139, 151–52, 480 A.2d 519 (1984). We " 'consider the statute as a whole with a view toward reconciling its parts in order to obtain a sensible and rational overall interpretation.' " *Fruin* v. *Colonnade One at Old Greenwich Ltd. Partnership*, 237 Conn. 123, 130, 676 A.2d 369 (1996). We have long followed the guideline that "[t]he intent of the lawmakers is the soul of the statute, and the search for this intent we have held to be the guiding star of the court. It must prevail over the literal sense and the precise letter of the language of the statute. . . . When one construction leads to public mischief which another construction will avoid, the latter is to be favored unless the terms of the statute absolutely forbid." (Citations omitted.) *Bridgeman* v. *Derby*, 104 Conn. 1, 8, 132 A. 25 (1926).

It is true that, as the majority of the Appellate Court concluded and as the defendant argues, the language of § 54-142a (e) and (f), read literally, might well support the defendant's position, because technically he has not yet filed in court his "action for false arrest"; General Statutes § 54-142a (f); and he has made a "request" for "the actual physical destruction of" the records. General Statutes § 54-142a (e). Two related considerations, however, lead us to reject the defendant's position and to conclude, as did the dissent in the Appellate Court, that the defendant, by filing his notice of intent to bring a civil action, must be deemed to have waived the protective provisions of the statute, at least to a limited extent.

First, the defendant's literal construction of § 54-142a would require the town, at the defendant's behest, to destroy much of the material that it would need to defend against the action that the defendant threatens to bring against it. Such a result strains common sense. " '[C]ommon sense does not take flight when one enters a courtroom.' " *American National Fire Ins. Co.* v. *Schuss*, 221 Conn. 768, 778, 607 A.2d 418 (1992). The same principle applies when one construes a statute. *Norwich Land Co.* v. *Public Utilities Commission*, 170 Conn. 1, 4, 363 A.2d 1386 (1975).

Second, the fundamental purpose of the records erasure and destruction scheme embodied in § 54-142a is to erect a protective shield of presumptive privacy for one whose criminal charges have been dismissed. The "purpose of the erasure statute . . . is 'to protect innocent persons from the harmful consequences of a *criminal charge*' which is subsequently dismissed." *State* v. *Morowitz*, 200 Conn. 440, 451, 512 A.2d 175 (1986); *State* v. *West*, supra, 192 Conn. 492.

The defendant, however, seeks to use § 54-142a, not as a shield to protect himself from the deleterious effects of an arrest record, but, rather, as a sword against the town in order to facilitate his own impending action. We are constrained to conclude, therefore, that by filing a notice of intent to institute an action against the town, the defendant has waived the nondisclosure provision of § 54-142a (f) and the provision of § 54-142a (e) that would otherwise permit him to have his arrest records destroyed.

Our construction of the statute does not mean, however, that the defendant must be deemed to have waived all the protection that the statute affords him. The extent of his waiver must be measured by the policy that necessitates it, namely, to permit sufficient disclosure to the town's counsel in order for the town to take

all reasonable steps necessary to defend itself against the defendant's threatened claim. "The purpose of a provision requiring statutory notice of a claim as a condition precedent to bringing an action for damages against the municipality is to give the officers of the municipality such information as will enable them to make a timely investigation of the claim and to determine the existence and extent of liability." *Fraser* v. *Henninger*, 173 Conn. 52, 55, 376 A.2d 406 (1977). The defendant's waiver, therefore, is limited to the extent necessary to effectuate the purpose of the statutory notice of claim and thus provide the town with an opportunity to conduct a timely and meaningful investigation of the events surrounding the defendant's arrest.

Such a construction of the statutory scheme maintains the protective function of the erasure statute, while at the same time construing it in a common sense manner. The defendant suffers no harm because his records remain sealed, segregated and shielded from disclosure to all but the town's counsel, who is permitted access to the records for the limited purpose of making a timely and reasonable investigation of the merits of the threatened action.

We recognize that our decision will have no practical effect under circumstances in which a defendant is successful in having his records destroyed prior to filing a notice of intent to bring an action, or, for that matter, in a case in which no statutory notice of intent to bring a civil action is required, such as in an action brought pursuant to 42 U.S.C. § 1983. The legislature might wish to consider limiting the option of permitting physical destruction of arrest records until after the statute of limitations has run on any such actions. It is not our province, however, to read into the statute a specific and detailed provision that the legislature has not seen fit to enact.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to affirm the trial court's judgment granting the town's motion to vacate the erasure order and for limited disclosure of the records.

In this opinion the other justices concurred.