[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Edgewood Village, Inc. and Edgewood Neighborhood Association, Inc., filed a complaint against the defendant, the Housing Authority of the City of New Haven, on July 15, 1997. The plaintiffs allege in their complaint that the defendant failed to give proper notice of the public hearing required by General Statutes § 8-44 regarding the potential acquisition of real property for a proposed housing project by the defendant.[1] The plaintiffs further allege that this failure resulted in the deprivation of their opportunity to attend and comment at the public hearing, and will result in an adverse effect to their property values.
On August 20, 1997, the defendant filed a motion to dismiss the plaintiffs' complaint claiming that the court lacks both subject matter and personal jurisdiction.[2] The defendant's motion to dismiss was filed timely, given that it filed an appearance on July 25, 1997. See Discover Leasing, Inc. v.Murphy, 33 Conn. App. 303, 307, 635 A.2d 843 (1993) (stating that "motions to dismiss must be made within thirty days of filing an appearance"). As required by Practice Book § 143, the CT Page 10758 defendant filed a memorandum of law in support of the motion to dismiss. See Practice Book § 143 (stating that the motion to dismiss "shall always be filed with a supporting memorandum of law"). On September 4, 1997, the plaintiffs filed a memorandum in opposition to the defendant's motion to dismiss as allowed by Practice Book § 143. See Practice Book § 143 (stating that "[i]f an adverse party objects to [the motion to dismiss] he shall . . . file and serve . . . a memorandum of law"). The defendant filed a reply to the plaintiffs' opposition to dismissal on September 11, 1997; the plaintiffs filed a supplemental memorandum in opposition to the defendant's motion to dismiss on September 23, 1997; and, finally, the defendant filed a final argument on September 22, 1997.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "The motion to dismiss . . . admits all facts which are well pleaded"; (internal quotation marks omitted) Barde v.Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988); and "the court, in deciding a motion to dismiss, must, consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990).
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter . . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 646 n. 13,668 A.2d 1314 (1995).[3] Given that "standing implicates a court's subject matter jurisdiction"; State v. Anonymous,237 Conn. 501, 509-10, 680 A.2d 956 (1996); the proper vehicle to challenge whether the plaintiff has standing is through the motion to dismiss.
The defendant argues in its memorandum of law in support of its motion to dismiss that the plaintiffs do not have standing to assert a cause of action based on General Statutes §8-44.[4] More specifically, the defendant argues that the plaintiffs have failed to allege properly an injury which would satisfy the requirements for standing and, as such, the court lacks subject matter jurisdiction and the case should be dismissed.[5]
CT Page 10759
"Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved." Herzog Foundation, Inc. v. University of Bridgeport,243 Conn. 1, 5, (1997). In regards to statutory standing, the plaintiffs allege that General Statutes § 8-44
itself confers standing on them.
"In construing statutes, our goal is to discern and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.) Steeneck v. University of Bridgeport, 235 Conn. 572,581, 668 A.2d 688 (1995).
General Statutes § 8-44 provides for notice and holding of a public hearing prior to the defendant's acquisition of property for proposed housing projects. However, the express language of the statute does not state that persons such as the plaintiffs may maintain a cause of action against the defendant for failure to comply with the statute. See Herzog Foundation,Inc. v. University of Bridgeport, supra, 243 Conn. 16 (stating that "[i]t is clear that our legislature knows how to establish statutory standing and it has done so unambiguously in a plethora of instances"). Additionally, the legislative history regarding the 1957 public hearing amendment to the statute indicates that the legislature was aware that there was more it could do to promote the public's interest in voicing their concerns and comments than just provide for a public hearing. See House Judiciary Committee Hearings, Judiciary Governmental Functions, concerning Senate Bill No. 671, entitled "An Act Concerning Public Hearings On Sites of Proposed Moderate Rental Housing Projects," Pt. II, 1957 Sess., p. 532-35. However, the legislature saw fit only to provide the public with a hearing. Given that the statute does not expressly provide for statutory standing and that the legislature was aware it could provide for more than a public hearing, the plaintiffs do not have statutory standing.
Nevertheless, the plaintiffs may have standing based on classical aggrievement. "The fundamental test for determining aggrievement encompasses a well-settled twofold determination: CT Page 10760 first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]." (Internal quotation marks omitted.) Steeneck v. University ofBridgeport, supra, 235 Conn. 579.[6]
For consideration of whether the plaintiffs are classically aggrieved, the court will For consideration of whether the plaintiffs are classically aggrieved, the court will examine the plaintiffs' allegation that they have been deprived of the opportunity to attend and comment at the public hearing.[7]
Construing the complaint in the light most favorable to the plaintiffs, the plaintiffs have an interest in receiving the notice and attending the public hearing as provided for in General Statutes § 8-44. This interest is distinguishable from that of the community in general given that one plaintiff owns property in the neighborhood, and the other plaintiff is a corporation formed to preserve and advance the common good of residents and land owners in the neighborhood. These plaintiffs have a direct relationship with the neighborhood involved and are not merely residents of the same town. Additionally, this interest has been injuriously affected as the plaintiffs allege that they were deprived of the opportunity to attend the public hearing as the notice was inadequate. The plaintiffs have met both requirements for classical aggrievement and, as such, have standing to maintain the cause of action against the defendant. Therefore, the court does have subject matter jurisdiction over the present case and the defendant's motion to dismiss is denied as to the subject matter jurisdiction challenge.
"A defendant may contest the personal jurisdiction of the court even after having entered a general appearance, but must do so by filing a motion to dismiss." (Internal quotation marks omitted.) Brunswick v. Inland Wetlands Commission, 222 Conn. 541,551, 610 A.2d 1260 (1992).
The defendant argues in its memorandum of law in support of its motion to dismiss that the court lacks personal jurisdiction over the defendant. More specifically, the defendant argues that the plaintiffs failed to include the return date on the "summons" and, therefore, that the complaint should be dismissed. CT Page 10761
"Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for filing of an appearance. The writ shall be accompanied by the [plaintiffs'] complaint." General Statutes § 52-45 (a). "In ordinary usage of the term, [a summons is the] original process upon a proper service of which an action is commenced and the defendant therein named brought within the jurisdiction of the court." (Internal quotation marks omitted.) Hillman v.Greenwich, 217 Conn. 520, 524, 587 A.2d 99 (1991). "[A] writ of summons is a statutory prerequisite to the commencement of a civil action . . . [and, therefore,] it is an essential element to the validity of the jurisdiction of the court." (Citations omitted.) Id., 526.[8] The failure to file a writ of summons deprives the court of personal jurisdiction over the defendant and leaves the complaint vulnerable to a motion to dismiss. Seeid. (granting a motion to dismiss based on a lack of personal jurisdiction in a case seeking damages and injunctive relief because of a failure to file a writ of summons).
Upon review of the file, the court not only agrees with the defendant that there is no return date, but finds that the plaintiffs failed to file a writ of summons as required by statute. The "summons" referred to by both parties as being the operative document is not a writ of summons, but rather is a document instructing the defendant to appear for an order to show cause hearing regarding the continuation of the temporary injunction. A comprehensive review of the file failed to reveal any document which could reasonably be called a writ of summons. Given that the plaintiffs failed to include a return date and also failed to file a writ of summons, the court lacks personal jurisdiction over the defendant.
The plaintiffs argue that the defendant waived any objection to personal jurisdiction by filing a motion to dissolve the temporary injunction prior to filing the motion to dismiss. "Unlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver." Bridgeport v. Debek,210 Conn. 175, 180, 554 A.2d 728 (1989).
"Practice Book § 112 sets forth the order in which pleadings are to be filed. . . . Practice Book § 113 states that [i]n all cases, when the court does not otherwise order, the filing of any pleading provided for by the preceding section will CT Page 10762 waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." (Emphasis omitted; internal quotation marks omitted.) Sabino v. Ruffolo, 19 Conn. App. 402, 404,562 A.2d 1134 (1989). Additionally, Practice Book § 144 provides that "[a]ny claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss filed in the sequence provided in Secs. 112 and 113."
Practice Book § 112 does not require that a motion to dismiss be filed prior to a motion to dissolve a temporary injunction. Moreover, a motion to dissolve a temporary injunction is not mentioned at all in the required order of pleading provided for in Practice Book § 112. As such, the defendant's failure to file its motion to dismiss prior to filing the motion to dissolve the temporary injunction was not a waiver of any objection to personal jurisdiction. See Udolf v. Swerdloff, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 518160 (April 22, 1993, Hennessey, J.) (9 CONN. L. RPTR. 15, 8 C.S.C.R. 540) (finding that the filing of interrogatories and requests for production prior to filing a motion to dismiss does not waive objection to personal jurisdiction);Skowronski v. Barnette, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 30665 (April 16, 1990, Fuller, J.) (1 Conn. L. Rptr. 132) (finding that the filing of a motion to implead another defendant prior to filing a motion to dismiss does not waive the right to file a motion to dismiss nor objection to a jurisdictional defect). Given that the defendant did not waive any objection to personal jurisdiction, the motion to dismiss is granted on the ground that the court does not have personal jurisdiction over the defendant.
This court does have subject matter jurisdiction, but does not have personal jurisdiction over the defendant. Therefore, the defendant's motion to dismiss the plaintiffs' complaint is granted. Further, the ex parte injunction which the court granted to the plaintiffs on July 16, 1997, is hereby vacated.
William J. Sullivan, Judge