[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS # 102 AND # 103
This is a class action suit filed by owners of condominium units located at Woodbury Condominiums in Waterbury, Connecticut. The named defendants are G W Property Management, Inc. (G W), which is responsible for the management of the property, and the Woodhaven Condominium Association.
The plaintiffs allege that "[i]n the course of its business relations with the aforementioned associations of unit owners the defendant property manager [G W] . . . has engaged in the practice, pursuant to its management agreements . . . in which `in cases where a unit is turned over to an attorney for collection, a fee of $75.00 will be charged by the agent for extraordinary administrative services'"; (complaint, ¶ 6); and that the defendant charges $79.50 "where a unit is turned over to an attorney, after the defendant's debt collection efforts have failed." (Complaint, ¶ 7.)[1]
The action is brought on behalf of any condominium unit owners whose condominiums have been managed by the defendant G 
W, and have been assessed the legal turnover charge. (Complaint, ¶ 8.) However, no specific instances of a turnover charge were alleged. In addition, the plaintiffs fail to allege specific facts regarding the involvement of defendant Woodhaven Condominium Association.
The five count complaint alleges violations of the Connecticut Unfair Trade Practices Act (CUTPA) and the Unfair Debt Collection Act, breach of an implied covenant of good faith and fair dealing, breach of fiduciary duty, and violation of the Connecticut Antitrust Act. CT Page 14703
Each defendant, G W Property Management Association and the Woodhaven Condominium Association, filed a motion to dismiss on the grounds that the court lacks subject matter jurisdiction because the plaintiffs failed to demonstrate standing to challenge the condominium agreement in question, and failed to show the existence of a genuine controversy.
Each defendant timely filed a memorandum of law in support of its motion to dismiss as required by Practice Book § 10-31(a), formerly § 143(a). The plaintiffs have not submitted a memorandum of law in opposition to the motion to dismiss as recommended by Practice Book § 10-31, formerly § 143.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991); see also Johnson v. Department of Public Health,48 Conn. App. 102, 107, ___ A.2d ___ (1998). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). "A motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993).
"It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion." (Internal quotation marks omitted.) Community Collaborative of Bridgeport,Inc. v. Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997); see alsoState v. Anonymous, 237 Conn. 501, 510, 680 A.2d 956 (1996).
"The fundamental aspect of standing . . . [is that] it focuses on the party seeking to get his complaint before [the] court and not on the issues he wishes to have adjudicated . . . Standing is not a technical rule intended to keep aggrieved parties out of court . . . Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously CT Page 14704 represented . . . The requirements of justiciability and controversy are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity." (Citations omitted; internal quotation marks omitted.) Gay Lesbian Law Students Assn. v. Board ofTrustees, 236 Conn. 453, 463, 673 A.2d 484 (1996).
The plaintiffs do not have standing because they have not alleged any direct injury or real interest in this cause of action. As stated in Gay Lesbian Law Students Assn. v. Board ofTrustees, supra, 236 Conn. 453, a plaintiff must make a "colorable claim of direct injury [that] he has suffered or is likely to suffer." Id., 463. In this case, the plaintiffs merely allege that the defendant, G W, has engaged in the practice of charging a legal turnover fee pursuant to the management agreement, but has not alleged any specific instance of the defendant charging such a fee. The plaintiffs failed to allege that they were injured by the fee,[2] that the fee is unlawful or in contravention of the condominium agreement, or virtually any facts that would lead this court to conclude that a legal controversy exists. Without standing the court lacks subject matter jurisdiction over the claim; "[s]tanding goes to the court's subject matter jurisdiction." (Internal quotation marks omitted.) U.S.T. Bank/Connecticut v. Davenport,47 Conn. App. 459, 463, 705 A.2d 562 (1998).
For this court to comment on the validity of the legal turnover charge would be to render a declaratory judgment. "Our rules of practice, mirroring the federal constitutional case or controversy requirement . . . accordingly provide that no court [w]ill render a declaratory judgment on the complaint of a person unless he has an interest, legal or equitable by reason of danger or loss or of uncertainty as to his rights or other jural relations which requires settlement between the parties." (Citation omitted; internal quotation marks omitted.) ConnecticutBusiness Industry Assn. Inc. v. CHHC, 218 Conn. 335, 346-47,589 A.2d 356 (1991). Therefore, the defendants' motions to dismiss are granted because the plaintiffs lack standing and this court lacks subject matter jurisdiction.
SANDRA VILARDI LEHENY, J.