[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR CONTEMPT
The plaintiff has filed a motion for contempt against the defendant for his failure to pay an alimony and child support arrearage to her. A hearing upon the motion was held on November 14, 2000 wherein the plaintiff, the defendant's attorney and a representative of the State of Connecticut from the Office of the Attorney General appeared and provided testimony and statements to the court. I hereby deny the plaintiff's motion for contempt but order the defendant to make payment to the plaintiff in the total amount of $4620.
The plaintiff, Diane Fenn (now Diane Potts) and the defendant Douglas Fenn were divorced on January 8, 1976 after a two-year marriage. A daughter, Christina Lynn, was born to the couple on July 9, 1974. At the time of the divorce, the defendant was ordered to pay to the plaintiff the sum of $35 per week alimony and $40 per week child support. Because the plaintiff was receiving aid from the State of Connecticut's Welfare Department at the time of the divorce, the defendant was ordered to make his payments to the state ". . . while the plaintiff is on welfare". On August 9, 1977, the plaintiff remarried, and on April 12, 1978, her new husband adopted Christina. Although the defendant's support and alimony obligations had ceased, an arrearage of alimony and child support payments remained. The defendant continued to make intermittent payments toward the arrearage in accordance with the divorce decree. As the plaintiff continued to receive state assistance, the defendant' payments were made to the State of Connecticut. His last payment was made in 1995.
By 1999, the plaintiff was no longer receiving state assistance. In May of that year, she obtained an award in a worker's compensation case. The CT Page 14755 State of Connecticut recovered from plaintiff the total amount the plaintiff had owed to the state by virtue of her receipt of state assistance in accordance with the provisions of Section 17b-93 of the Connecticut General Statutes. of that amount, $4620 was the arrearage due the state by the defendant. Although the state was aware of the defendant's whereabouts and his employed status, no evidence was offered at the time of this hearing that the state had taken action to collect the arrearage from the defendant. The state provided a letter to the court through the Office of the Attorney General on July 31, 2000, stating that it had no present interest in the matter. Further, a representative of the Office of the Attorney General appeared at the hearing and stated that the State of Connecticut would take no position regarding the plaintiff's motion for contempt. The representative also provided information regarding the amount of the arrearage, to which the plaintiff and the defendant's attorney stipulated.
At the time of the hearing, the defendant's attorney appeared on his behalf and argued alternatively that the plaintiff did not have standing to bring this action against the defendant as her assignment of the right of support to the state pursuant to Section 17b-77 of the general statutes precluded her from pursuing the arrearage and that the statute of limitations had run on the defendant's obligation to pay the debt. On November 22, 2000, the defendant's attorney withdrew her statute of limitations defense.
Regarding the issue of plaintiff's standing to pursue her action against the defendant, "`Standing' is not a technical rule intended to keep aggrieved parties out of court." State v. Anonymous, 237 Conn. 501
(1996); rather, "`Standing' requires no more than colorable claim of injury and may be established by an allegation of injury or an attempt to vindicate an "arguably" protected interest." Connecticut Association ofBoards of Education, Inc. v. Shedd, 197 Conn. 554 (1985). It is an established principle that "the effects of a valid assignment include succession by the assignee to exclusive ownership of the assignor's rights . . . and extinguishment of those rights in the assignor."Bouchard v. People's Bank, 219 Conn. 465 (1991), Mall v. LaBow,33 Conn. App. 359 (1993). However, "an assignee never stands in a better position than the assignor." In re Trans-United Industries, Inc.,351 F.2d 605 (1965). In this matter, the assignee State of Connecticut received the right of support due the plaintiff pursuant to Section 17b-77
C.G.S. That right attached for the period of time the plaintiff received aid from the state and/or owed money to the state as a result of its aid to her. Langan v. Weeks, 37 Conn. App. 105 (1995). When the state was paid in full, the right to receive the arrearage reverted to the plaintiff, as was anticipated in the divorce decree by the words, ". . . while the plaintiff is on welfare." The circumstances are analogous to CT Page 14756 those in collection matters, where an assignment of a claim for the purposes of collection transfers legal title to the claim to the assignee but leaves the equitable ownership with the assignor.
Accordingly, the plaintiff's motion for contempt is denied and the defendant is ordered to make payment to the plaintiff in the amount of $4620.
By the Court,
John D. Brennan Judge Trial Referee