[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 26, 1999, the defendant, a registered Connecticut corporation, was arrested by warrant and charged with six counts of making false CT Page 7185 statements, representations and certifications in violation of General Statutes § 22a-438 (c). On November 9, 2000, after a jury trial, the defendant was acquitted of all charges.
On November 21, 2000, the defendant filed a motion for erasure pursuant to General Statutes § 54-142a, seeking to erase all court and police records relating to its prosecution, including those within the possession or control of the Office of the Chief State's Attorney or the Department of Environmental Protection [hereinafter DEP] or any other state agency. The defendant further seeks an enumeration of all erased documents.
In response to the defendant's motion, the State asserts that it will comply with the defendant's request by segregating from its file any materials which identify the defendant as such and the offenses of which it was accused. The State contends, however, that no action is required of any local law enforcement agency because the arrest was effected by an inspector from the Chief State's Attorney's office, the erasure statute does not apply to the DEP, a civil enforcement agency, and there is no authority for an order that erased documents be an enumerated.[1] For the following reasons, the defendant's motion for erasure is granted with respect to the records of the Chief State's Attorney's Office and denied with respect to the records of the DEP.
 DISCUSSION
General Statutes § 54-142a (a) provides in pertinent part that "[w]henever in any criminal case . . . the accused, by a final judgment, is found not guilty of the charge . . ., all police and court records and records of any state's attorney pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken. . . ." "Although [§] 54-142a (a) subjects to erasure "all police and court records and records of any state's attorney," its reference to police records is more precisely delineated by [§] 54-142 (e), which directs "any person charged with retention and control of such records in the records center of . . . any law enforcement agency having information contained in such erased records' not to "disclose to anyone information pertaining to any charge erased . . . and such . . . person charged with the retention and control of such records shall forward a notice of such erasure to any law enforcement agency to which he knows information concerning the arrest has been disseminated and such disseminated information shall be erased from the records of such law enforcement agency.'" Rado v. Board ofEducation, 216 Conn. 541, 551, 583 A.2d 102 (1990).
The State's Attorney's office is obligated to comply with the statute CT Page 7186 and erase its records pertaining to the charges in the present case, which it has indicated it will do. "Erasure does not mean physical destruction of the records. Rather, it involves sealing the files and segregating them from materials which have not been erased and protecting them from disclosure. . . ." (Internal quotation marks omitted.) Statev. Anonymous, 237 Conn. 501, 513, 680 A.2d 956 (1996).
In the present case, the issue before this Court is whether the erasure statute applies to the records of the DEP. The complaint of a suspected criminal violation of DEP laws was referred to the Chief State's Attorney's office by an employee of the DEP after conducting a regulatory inspection of the defendant. Inspectors of the Chief State's Attorney's office investigated the case and ultimately arrested the defendant. The DEP did not exercise any law enforcement powers in this matter. Accordingly, the Court finds that the DEP is not a law enforcement agency for purposes of General Statutes § 54-142a. Accordingly, the defendant's motion for an order requiring the DEP to comply with this erasure statute is denied.
Dated at New Britain, Connecticut this fifth day of June, 2002.
BY THE COURT,
Espinosa, J.